IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| NEMESIO CASTRO, on behalf of himself and all others similarly situated, | § § § § | |
| Plaintiff, | § § § | |
| v. | § § | Cause No. EP08CA0215 |
| COLLECTO, INC., doing business as COLLECTION COMPANY OF AMERICA, and US ASSET MANAGEMENT INC., | § § § § § § | |
| Defendants. | § § | |

## DEFENDANTS', COLLECTO, INC., DOING BUSINESS AS COLLECTION COMPANY OF AMERICA, AND US ASSET MANAGEMENT, INC., RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST DISCOVERY REQUESTS

TO: Plaintiff, NEMESIO CASTRO, by and through his attorney of record, Scott A. Vogelmeier, LAW OFFICE OF SCOTT A. VOGELMEIER, 1112 Myrtle Avenue, El Paso, Texas 79901

COLLECTO, INC., doing business as COLLECTION COMPANY OF AMERICA, and US ASSET MANAGEMENT, INC., Defendants in the above numbered and entitled cause of action, hereby file this their Responses and Objections to Plaintiff's First Discovery Requests, as follows, pursuant to the FEDERAL RULES OF CIVIL PROCEDURE.

1

Respectfully submitted,

BARRON, NEWBURGER, SINSLEY & WIER, P.L.L.C.

_Keith Wier with permission_
Keith Wier; SBN: 21436100
Fed I.D. 7930
Capital One Plaza
5718 Westheimer, Suite 1755
Houston, Texas 77057
(713) 335-0141 Telephone
(713) 335-0150 Facsimile

**ATTORNEYS FOR DEFENDANTS,
COLLECTO, INC., doing business as
COLLECTION COMPANY OF AMERICA and
US ASSET MANAGEMENT, INC.**

## CERTIFICATE OF SERVICE

This is to certify that the foregoing instrument has been forwarded to all counsel of record, pursuant to the Federal Rules of Civil Procedure, via electronic transmission and U.S. mail, on this the 8th day of January, 2009, as follows:

| | |
|---|---|
| Scott A. Vogelmeier<br>SCOTT A. VOGELMEIER, ATTORNEY AT LAW<br>1112 Myrtle<br>El Paso, Texas 79901 | *Via Electronic Transmission*<br>*and*<br>*Via U.S. Mail* |
| James O. Latturner<br>EDELMAN, COMBS, LATTURNER & GODWIN, LLC<br>120 S. LaSalle Street, 18th Floor<br>Chicago, IL 60603 | *Via Electronic Transmission*<br>*and*<br>*Via U.S. Mail* |

_Keith Wier with permission_
Keith Wier

## RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSION

1. There are more than 40 individuals with Texas addresses who were sent a letter in the form of <u>Exhibit A</u>, seeking cellular telephone debt which became delinquent more than two years prior to the sending of the letter in the form of <u>Exhibit A</u>, which letter was sent between June 18, 2007, and July 8, 2008.

**RESPONSE:** Defendants admit that more than 40 individuals with Texas addresses were sent a letter in the form of <u>Exhibit A</u> between June 18, 2007, and July 8, 2008. The remainder of the requests (i.e., whether Collecto was seeking to collect cellular telephone debt or whether the debts sought to be collected became delinquent more than two years prior to the sending of the letter) cannot be answered at this time for Defendant, after making a reasonable inquiry to locate information known or readily obtainable by the party to be able to either admit or deny these assertions, cannot admit or deny due to lack of information. Further, Defendants deny and/or object to the remainder of the foregoing request as not relevant to the issues of class certification and because the request is unduly burdensome and because the remainder of the request calls for a legal conclusion, the sum and substance of such legal conclusion which is the legal issue in this case.

2. There are more than 100 individuals with Texas addresses who were sent a letter in the form of <u>Exhibit A</u>, seeking to collect a cellular telephone debt which became delinquent more than two years prior to the sending of the letter in the form of <u>Exhibit A</u>, which letter was sent between June 18, 2007, and July 8, 2008.

**RESPONSE:** Defendants admit that more than 100 individuals with Texas addresses were sent a letter in the form of <u>Exhibit A</u> between June 18, 2007, and July 8, 2008. The remainder of the requests (i.e., whether Collecto was seeking to collect cellular telephone debt or whether the debts sought to be collected became delinquent more than two years prior to the sending of the letter) cannot be answered at this time for Defendant, after making a reasonable inquiry to locate information known or readily obtainable by the party to be able to either admit or deny these assertions, cannot admit or deny due to lack of information. Further, Defendants deny and/or object to the remainder of the foregoing request as not relevant to the issues of class certification and because the request is unduly burdensome and because the remainder of the request calls for a legal conclusion, the sum and substance of such legal conclusion which is the legal issue in this case.

3. There are more than 250 individuals with Texas addresses who were sent a letter in the form of <u>Exhibit A</u>, seeking to collect a cellular telephone debt which became delinquent more than two years prior to the sending of the letter in the form of <u>Exhibit A</u>, which letter was sent between June 18, 2007, and July 8, 2008.

RESPONSE: Defendants admit that more than 250 individuals with Texas addresses were sent a letter in the form of <u>Exhibit A</u> between June 18, 2007, and July 8, 2008. The remainder of the requests (i.e., whether Collecto was seeking to collect cellular telephone debt or whether the debts sought to be collected became delinquent more than two years prior to the sending of the letter) cannot be answered at this time for Defendant, after making a reasonable inquiry to locate information known or readily obtainable by the party to be able to either admit or deny these assertions, cannot admit or deny due to lack of information. Further, Defendants deny and/or object to the remainder of the foregoing request as not relevant to the issues of class certification and because the request is unduly burdensome and because the remainder of the request calls for a legal conclusion, the sum and substance of such legal conclusion which is the legal issue in this case.

4. There are more than 500 individuals with Texas addresses who were sent a letter in the form of <u>Exhibit A</u>, seeking to collect a cellular telephone debt which became delinquent more than two years prior to the sending of the letter in the form of <u>Exhibit A</u>, which letter was sent between June 18, 2007, and July 8, 2008.

RESPONSE: Defendants admit that more than 500 individuals with Texas addresses were sent a letter in the form of <u>Exhibit A</u> between June 18, 2007, and July 8, 2008. The remainder of the requests (i.e., whether Collecto was seeking to collect cellular telephone debt or whether the debts sought to be collected became delinquent more than two years prior to the sending of the letter) cannot be answered at this time for Defendant, after making a reasonable inquiry to locate information known or readily obtainable by the party to be able to either admit or deny these assertions, cannot admit or deny due to lack of information. Further, Defendants deny and/or object to the remainder of the foregoing request as not relevant to the issues of class certification and because the request is unduly burdensome and because the remainder of the request calls for a legal conclusion, the sum and substance of such legal conclusion which is the legal issue in this case.

## ANSWERS AND OBJECTIONS TO INTERROGATORIES

1. State whether information regarding your accounts is retrievable by computer and, if so, each field by which data is searchable or retrievable. State whether your computers can determine (a) if Collecto sought to collect the debt on behalf of Asset, (b) if the letter was seeking to collect an alleged cellular telephone debt, (c) when the alleged debt became delinquent, (d) when the letter was sent, and (e) whether the addressee had a Texas address.

**ANSWER:** Defendants object to this interrogatory as overly broad, irrelevant to the issues of class certification, and unduly burdensome. Without waiver of the foregoing, Defendants confirm that information regarding accounts is retrievable by computer. Defendants do not know at this time whether the debt sought to be collected is cellular telephone debt, when the alleged debt became delinquent, if at all, when any particular letter was sent as to any particular Defendant. Based upon the computer search done and the Request for Production documents provided, Defendants believe that all persons identified in the attached Request for Production of Documents do have a Texas address.

2. State the number and name and address for all individuals with Texas addresses who were sent letter in the form of <u>Exhibit A</u>, seeking to collect a cellular telephone debt which became delinquent more than two years prior to the sending of the letter in the form of <u>Exhibit A</u>, which letter was sent between June 18, 2007, and July 8, 2008.

**RESPONSE:** Defendants object to this interrogatory as overly broad and cumulative or duplicative of other discovery requests, including Plaintiff's requests for admissions and requests for production. Defendants further object to producing information regarding individuals other than the putative class representative for the reason that such information could violate consumer protection and/or privacy laws. Defendants will agree to release the names and addresses of those individuals upon the execution of the attached Protective Order. Without waiver of the foregoing objection, Defendants have produced spreadsheets setting forth the name and address of all individuals with Texas addresses that were sent letter in the form of <u>Exhibit A</u> between June 18, 2007, and July 8, 2008. (See Def. 0000067 - 0000550).

5

3.  **If you contend that any of the persons who are described in the preceding interrogatory incurred the debts sought to be collected for business purposes identify the persons and state the facts upon which you base your contention.**

**RESPONSE:** Defendants object to this interrogatory as unduly burdensome, overly broad, and irrelevant to the issue of class certification. Without waiver of the foregoing, the answer to this interrogatory is unknown at this time. Defendants will supplement this response as discovery develops and/or additional information becomes available.

4.  **State the net worth of Collecto and Asset, and whether their financial statements are audited. If defendants' financial statements are not audited, identify all credit applications and financial statements issued or submitted by defendants in the last 3 years.**

**RESPONSE:** See attached consolidated financial statements of (i) Collecto, Inc. and Subsidiaries for the Years Ended February 29, 2008, and February 28, 2007; and (ii) EOS Holding (USA), Inc. and Subsidiary for the Years Ended February 29, 2008, and February 28, 2007. (See Def 0000010 - 0000066). The attached financial statements were audited by BDO Seidman.

## RESPONSES AND OBJECTIONS TO
## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All documents setting forth Collecto, Inc.'s document destruction and retention policies.

**RESPONSE:** See attached.

2. Defendants' annual financial statements, annual reports, semiannual and quarterly financial statements, credit applications and tax returns for the last three years.

**RESPONSE:** Defendants object to this request as irrelevant to issues of class certification and it is overly broad. Without waiver of the foregoing objections, Defendants have produced Def. 0000010 - 0000066 in response to the foregoing request.

3. All credit applications or financial statements defendants issued within the last 3 years.

**RESPONSE:** Defendants object to this request as irrelevant to issues of class certification, overly broad, and cumulative or duplicative of other requests. Without waiver of the foregoing objections, Defendants have produced Def 0000010 - 0000066 in response to the foregoing request.

4. All proposals and bids defendants submitted to governmental agencies which describe Collecto, Inc.'s business.

**RESPONSE:** Defendants object to this request as irrelevant to the issues of class certification, overly broad and cumulative or duplicative of other requests.