# EXHIBIT 7





*From ACA's Fastfax Service*
*Last Updated on April 7, 2009*

*Page 1 of 34*
*Document No. 1122*

*Now get immediate access to ACA's compliance expertise. Visit E-Compliance at*
*http://www.acainternational.org to search and access Fastfax documents and*
*other compliance information or to e-mail a compliance officer.*

## Statutes of Limitation

\*Updated New York

The applicability of statutes of limitation vary from state-to-state and from case to case depending on the cause of action in the lawsuit. We have listed a few general statutes of limitation here. They are provided for information only. **Check with your own attorney to determine which, if any, are applicable to a given action.**

### Alabama

| | |
|---|---|
| Contracts | 10 years. Actions founded upon any contract or writing under seal must be commenced within 10 years. Ala. Code § 6-2-33(1) (West, WESTLAW through Act 2008-270 of the 2008 Reg. Sess.). |
| Contracts | 6 years. Actions founded on promises in writing not under seal must be commenced within six years. Ala. Code § 6-2-34(4) (West, WESTLAW through Act 2008-270 of the 2008 Reg. Sess.). |
| Contracts | 6 years. Actions upon any simple contract or speciality not specifically enumerated in this section must be commenced within six years. Ala. Code § 6-2-34(9) (West, WESTLAW through Act 2008-270 of the 2008 Reg. Sess.). |
| Open Accts. | 3 years. Actions to recover money due by open or unliquidated account, the time to be computed from the date of the last item of the account or from the time when, by contract or usage, the account is due. Ala. Code § 6-2-37(1) (West, WESTLAW through Act 2008-270 of the 2008 Reg. Sess.). |
| Judgments | 20 years. Within 20 years, actions upon a judgment or decree of any court of this state, of the United States or of any state or territory of the United States must be commenced. Ala. Code § 6-2-32 (West, WESTLAW through Act 2008-270 of the 2008 Reg. Sess.). |

### Alaska

**Contracts**      Unless the action is commenced within three (3) years, a person may not bring an action upon a contract or liability, express or implied, except as provided in Alaska Stat. § 09.10.040, or as otherwise provided by law, or, except if the provisions of this section are waived by contract. Alaska Stat. § 09.10.053 (Lexis, WESTLAW through 2001 1ˢᵗ Special Session of the Twenty-Second Legislature).

An action may not be brought upon a **sealed instrument**, unless the action is commenced within 10 years. Alaska Stat. § 09.10.040(a) (Lexis, WESTLAW through 2001 1ˢᵗ Special Session of the Twenty-Second Legislature).

**Judgments – Domestic** - A person may not bring an action upon a judgment or decree of a court of the

© 2009 *ACA International. All Rights Reserved.*

CCA000303

United States, or of a state or territory within the United States, unless the action is commenced within 10 years. Alaska Stat. § 09.10.040(a) (Lexis, WESTLAW through 2001 1st Special Session of the Twenty-Second Legislature).

No acknowledgment or promise is sufficient evidence of a new or continuing contract to take the case out of the operation of this chapter unless the acknowledgment or promise is contained in writing, signed by the party to be charged, and, as to instruments affecting real estate, acknowledged and recorded in the office of the recorder of the district where the original contract was filed or recorded. This section does not alter the effect of any payment of principal or interest. Alaska Stat. § 09.10.200 (Lexis, WESTLAW through 2001 1st Special Session of the Twenty-Second Legislature).

When a past due payment of principal or interest is made upon any evidence of indebtedness, the running of the time within which an action may be commenced starts from the time the last payment is made. Alaska Stat. § 09.10.210 (Lexis, WESTLAW through 2001 1st Special Session of the Twenty-Second Legislature).

### Arizona

**In-State Contract**
An action for debt where indebtedness is evidenced by or founded upon a contract in writing executed within Arizona shall be commenced and prosecuted within six (6) years after the cause of action accrues and not afterward. Ariz. Rev. Stat. Ann. § 12-548 (West, WESTLAW through End of 45th Leg., 2nd Reg. Session and 5th Special Session 2002).

**Out-of-State Contract/Foreign Judgment**
There shall be commenced and prosecuted within four (4) years after the cause of action accrues, and not afterward, the following actions:
(1)   For the penalty or for damages on the penal cause of a bond to convey real property.
(2)   By one partner against his co-partner for a settlement of the partnership account, or upon mutual and current accounts concerning the trade of merchandise between merchant and merchant, their factors or agents, and the cause of action shall be considered as having accrued upon a cessation of the dealing in which they were interested together.
(3)   Upon a judgment or decree of a court rendered without the state, or upon an instrument in writing executed without the state. This does not apply to a judgment for support and to associated costs and attorney fees.
(4)   An action arising under the provisions of title 47, chapter 2, for breach of any contract of sale, which action shall be governed by § 47-2725, notwithstanding any other provision of this section or of § 12-543 or § 12-548.
Ariz. Rev. Stat. Ann. § 12-544.(West, WESTLAW through End of 45th Leg., 2nd Reg. Session and 5th Special Session 2002).

**Oral Contract**
There shall be commenced and prosecuted within three (3) years after the cause of action accrues, and not afterward, the following actions:
(1)   For debt where the indebtedness is not evidenced by a contract in writing.
(2)   Upon stated or open accounts other than such mutual and current accounts as concern the trade of merchandise between merchant and merchant, their factors or agents, but no item of a stated or open account shall be barred so long as any item thereof has been incurred within three years immediately prior to the bringing of an action thereon.
(3)   For relief on the ground of fraud or mistake, which cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake.
Ariz. Rev. Stat. Ann. § 12-543 (West, WESTLAW through End of 45th Leg., 2nd Reg. Session and 5th Special Session 2002).

### Arkansas

© 2009 *ACA International. All Rights Reserved.*

CCA000304

**Contracts**
The following actions shall be commenced within three (3) years after the cause of action accrues: (1) All actions founded upon any contract, obligation, or liability not under seal and **not in writing**, excepting such as are brought upon the judgment or decree of some court of record of the United States or of this or some other state; ...(3) All actions founded on any contract or liability, expressed or implied... Ark. Code Ann. §§ 16-56-105(1), (3) (WESTLAW through End of 2001 Regular Session).

(a) Actions to enforce **written obligations**, duties, or rights, except those to which § 4-4-111 is applicable, shall be commenced within five (5) years after the cause of action shall accrue.

(b) However, partial payment or written acknowledgement of default shall toll this statute of limitations. Ark. Code Ann. § 16-56-111 (WESTLAW through End of 2001 Regular Session).

An action to enforce an obligation, duty, or right arising under Title 4, Chapter 4 [governing liability of a bank for action or non-action with respect to an item handled by it for purposes of presentment, payment, or collection] must be commenced within three (3) years after the cause of action accrues. Ark. Code Ann. § 4-4-111 (WESTLAW through End of 2001 Regular Session).

**Medical Debt-**
(a) No action shall be brought to recover charges for medical services performed or provided prior to April 1, 1985, by a physician or other medical service provider after the expiration of a period of eighteen (18) months from the date the services were performed or provided.
(b) No action shall be brought to recover charges for medical services performed or provided after March 31, 1985, by a physician or other medical service provider after the expiration of a period of two (2) years from the date the services were performed or provided or from the date of the most recent partial payment for the services, whichever is later.
Ark. Code Ann. § 16-56-106 (WESTLAW through 2005 Reg. Sess. of the 85th Gen. Assembly)

**Judgments -**
Actions on all judgments and decrees shall be commenced within ten (10) years after cause of action shall accrue, and not afterward. Ark. Code Ann. § 16-56-114 (WESTLAW through End of 2001 Regular Session).

## California
**Oral**
Within two years:
An action upon a contract, obligation or liability not founded upon an instrument of writing, except as provided in Section 2725 of the Commercial Code or subdivision 2 of Section 337 of this code; or an action founded upon a contract, obligation or liability, evidenced by a certificate, or abstract or guaranty of title of real property, or by a policy of title insurance; provided, that the cause of action upon a contract, obligation or liability evidenced by a certificate, or abstract or guaranty of title of real property or policy of title insurance shall not be deemed to have accrued until the discovery of the loss or damage suffered by the aggrieved party thereunder. Cal. Civ. Proc. § 339(1) (West, WESTLAW through leg. through Ch. 26 of 2008 Reg. Sess. & Ch. 7 of 2007-2008 3rd Ex. Sess.).

**Written**
Within four years.
An action upon any contract, obligation or liability founded upon an instrument in writing, except as provided in Section 336a of this code; provided, that the time within which any action for a money judgment for the balance due upon an obligation for the payment of which a deed of trust or mortgage with power of sale upon real property or any interest therein was given as security, following the exercise of the power of sale in such deed of trust or mortgage, may be brought shall not extend beyond three months after the time of sale under such deed of trust or mortgage. Cal. Civ. Proc. § 337(1) (West, WESTLAW through leg. through Ch. 26 of 2008 Reg. Sess. & Ch. 7 of 2007-2008 3rd Ex. Sess.).

© 2009 ACA International. All Rights Reserved.

CCA000305

**Open Accounts**
Within four years.
An action to recover (1) upon a book account whether consisting of one or more entries; (2) upon an account stated based upon an account in writing, but the acknowledgment of the account stated need not be in writing; (3) a balance due upon a mutual, open and current account, the items of which are in writing; provided, however, that where an account stated is based upon an account of one item, the time shall begin to run from the date of said item, and where an account stated is based upon an account of more than one item, the time shall begin to run from the date of the last item. Cal. Civ. Proc. § 337(2) (West, WESTLAW through leg. through Ch. 26 of 2008 Reg. Sess. & Ch. 7 of 2007-2008 3rd Ex. Sess.).

**Judgments**
Within 10 years:
1. An action upon any bonds or coupons issued by the State of California.
2. An action upon any general obligation bonds or coupons, not secured in whole or in part by a lien on real property, issued by any county, city and county, municipal corporation, district (including school districts), or other political subdivision of the State of California.
3. An action upon a judgment or decree of any court of the United States or of any state within the United States. Cal. Civ. Proc. § 337.5 (West, WESTLAW through leg. through Ch. 26 of 2008 Reg. Sess. & Ch. 7 of 2007-2008 3rd Ex. Sess.).

<u>Colorado</u>
**Contracts**
3 years, except as provided:
(1) The following civil actions, regardless of the theory upon which suit is brought, or against whom suit is brought, shall be commenced within three years after the cause of action accrues, and not thereafter:
(a) All contract actions, including personal contracts and actions under the "Uniform Commercial Code," except as otherwise provided in section 13-80-103.5;
(k) All actions accruing outside this state if the limitation of actions of the place where the cause of action accrued is greater than that of this state.
Colo. Rev. Stat. Ann. § 13-80-101(1)(a), (k) (West, WESTLAW through Second Reg. Sess. of the Sixty-Third Gen. Assembly (2002)).

General limitation of actions - six years.
(1) The following actions shall be commenced within six years after the cause of action accrues, and not thereafter:
  (a) All actions to recover a liquidated debt or an unliquidated, determinable amount of money due to the person bringing the action, all actions for the enforcement of rights set forth in any instrument securing the payment of or evidencing any debt, and all actions of replevin to recover the possession of personal property encumbered under any instrument securing any debt; except that actions to recover pursuant to section 38-35-124.5(3), C.R.S. [*ed. note*: involving closing and settlement services for real estate transactions], shall be commenced within one year.
  (b) All actions for arrears of rent;
  (c) All actions brought under section 13-21-109 [*note*: recovery of damages for checks, drafts, or orders not paid upon presentment], except actions brought under section 13-21-109(2) [*ed. note*: cases in which notice of nonpayment on presentment has been given];
  (d) All actions by the public employees' retirement association to collect unpaid contributions from employers for persons who are not members or inactive members at the time the association first notifies an employer of its claim for unpaid contributions. This paragraph (d) shall apply to causes of action as provided in section 24-51-402(2) [*ed. note*: payment of public employees' retirement association benefits], C.R.S.
  (e) All actions brought for restitution and civil penalties pursuant to section 25.5-4-306, C.R.S. [*ed. note*: involving civil penalties for false Medicaid claims].

© 2009 *ACA International. All Rights Reserved.*

CCA000306

Colo. Rev. Stat. Ann. § 13-80-103.5 (WESTLAW through Second Reg. Sess. of the Sixty-Fifth Gen. Assembly (2006)).

**Judgments -**
**6 years** (if judgment entered in county court on or after July 1, 1981) Colo. Rev. Stat. Ann. § 13-52-102(2)(b)(I) [see statute below].

**20 years** (if judgment entered before July 1, 1981) Colo. Rev. Stat. Ann. § 13-52-102(2)(a) [see statute below].

Property subject to execution – lien – real estate
(1) All goods and chattels, lands, tenements, and real estate of every person against whom any judgment is obtained in any court of record in this state, either at law or in equity, or against whom any foreign judgment is filed with the clerk of any court of this state in accordance with the provisions of the "Uniform Enforcement of Foreign Judgments Act" pursuant to article 53 of this title, which judgment, in either case, is for any debt, damages, costs, or other sum of money are liable to be sold on execution to be issued upon such judgment. A transcript of the judgment record of such judgment, certified by the clerk of such court, may be recorded in any county; and from the time of recording such transcript, and not before, the judgment shall become a lien upon all the real estate, not exempt from execution in the county where such transcript of judgment is recorded, owned by such judgment debtor or which such judgment debtor may afterwards acquire in such county, until such lien expires. The lien of such judgment shall expire six years after the entry of judgment unless, prior to the expiration of such six-year period, such judgment is revived as provided by law and a transcript of the judgment record of such revived judgment, certified by the clerk of the court in which such revived judgment was entered, is recorded in the same county in which the transcript of the original judgment was recorded, in which event the lien shall continue for six years from the entry of the revived judgment. A lien may be obtained with respect to a revived judgment in the same manner as an original judgment and the lien of a revived judgment may be continued in the same manner as the lien of an original judgment. The lien of any judgment shall expire if the judgment is satisfied or considered as satisfied as provided in this section. The lien created by recording a notice of lien of a judgment for child support or maintenance or arrears thereof or child support debt pursuant to section 14-10-122, C.R.S., shall be governed by such section. The lien created by recording a transcript of an order for restitution pursuant to section 16-18.5-104(5)(a), C.R.S., shall be governed by article 18.5 of title 16, C.R.S.

(2)(a) Except as provided in paragraph (b) of this subsection (2), execution may issue on any judgment described in subsection (1) of this section to enforce the same at any time within twenty years from the entry thereof, but not afterwards, unless revived as provided by law, and, after twenty years from the entry of final judgment in any court of this state, the judgment shall be considered as satisfied in full, unless so revived.

(b)(I) With respect to judgments entered in county courts on or after July 1, 1981, the time limitation within which execution may issue is six years from the entry thereof, but not afterwards, unless revived as provided by law, and, after six years from the entry of final judgment in any county court of this state, the judgment shall be considered as satisfied in full, unless so revived.

(II) The twenty year limitation contained in paragraph (a) of this subsection (2) shall not apply to judgments entered for restitution pursuant to article 18.5 of title 16, C.R.S. Execution may issue on judgments for restitution at any time until paid in full.

Colo. Rev. Stat. Ann. § 13-52-102(1)-(2) (West, WESTLAW through Second Reg. Sess. of the Sixty-Third Gen. Assembly (2002)).

**Connecticut**
**Contracts**      3 years (oral) Conn. Gen. Stat. Ann. § 52-581(a) (West, WESTLAW current with amendments received through 1-1-01).

© 2009 ACA International. All Rights Reserved.

CCA000307

6 years (**written**) (Conn. Gen. Stat. Ann. § 52-576(a) (West, WESTLAW through Gen. St., Rev. to 1-1-01).

### Judgments – Domestic Of Record

No execution to enforce a judgment for money damages rendered in any court of this state may be issued after the expiration of twenty years (20) from the date the judgment was entered and no action based upon such a judgment may be instituted after the expiration of twenty-five (25) years from the date the judgment was entered. Conn. Gen. Stat. Ann. § 52-598(a) (West, WESTLAW current with amendments received through 1-1-01).

No execution to enforce a judgment for money damages rendered in a small claims session may be issued after the expiration of ten (10) years from the date the judgment was entered, and no action based upon any such judgment may be instituted after the expiration of fifteen (15) years from the date the judgment was entered. Conn. Gen. Stat. Ann. § 52-598(b) (West, WESTLAW current with amendments received through 1-1-01).

### Delaware

**Contracts**      3 years (Oral, not under seal)

[N]o action to recover a debt not evidenced by a record or by an instrument under seal, no action based on a detailed statement of mutual demands in the nature of debit and credit between parties arising out of contractual or fiduciary relations, no action based on a promise, no action based on a statute, and no action to recover damages caused by an injury unaccompanied with force or resulting indirectly from the act of the defendant shall be brought after the expiration of 3 years from the accruing of the cause of such action;  subject, however, to the provisions of §§ 8108-8110, 8119 and 8127 of this title. Del. Code Ann. tit. 10; § 8106 (WESTLAW through 2001 Reg. Session).

### Bills and notes - 6 years

When a cause of action arises from a promissory note, bill of exchange, or an acknowledgment under the hand of the party of a subsisting demand, the action may be commenced at any time within 6 years from the accruing of such cause of action. Del. Code Ann. tit. 10, § 8109 (WESTLAW through 2001 Reg. Session).

### Judgments -

**Domestic**      5 years

An execution may be issued upon a judgment in a civil action at any time within 5 years from the time when such judgment was entered or rendered, or from the time when such judgment became due; or to collect any instalment of a judgment within 5 years from the time when such instalment fell due. This section shall only apply to cases when no execution has been previously issued to collect such judgment or instalment, and to cases where one or more have been issued for such purposed, and it appears by the return of the officer that such judgment or instalment, as the case may be, has not been paid or satisfied. As to all other cases the law shall remain unaffected. Del. Code Ann. tit. 10 § 5072(a) (WESTLAW through 2001 Reg. Session).

### Foreign – Filing and statute:

A copy of any foreign judgment authenticated in accordance with an act of Congress, or the statutes of this State, may be filed in the office of any Prothonotary of this State. The Prothonotary shall treat the foreign judgment in the same manner as a judgment of the Superior Court of this State. A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating or staying, as a judgment of the Superior Court of this State and may be enforced or satisfied in like manner. Del. Code Ann. tit. 10, § 4782 (WESTLAW through 2001 Reg. Session).

### District of Columbia

Except as otherwise specifically provides by law, actions for the following purposes may not be brought after the expiration of the period specified below from the time the right to maintain the action accrues:...

© 2009 ACA International. All Rights Reserved.

CCA000308

(6) on an executor's or administrator's bond – 5 years; on any other bond or single bill, covenant, or other instrument under seal – 12 years;

(7) on a simple contract, express or implied – 3 years...

This section does not apply to actions for breach of contracts for sale governed by §28:2-725, nor to actions brought by the District of Columbia government. D.C. Code Ann. § 12-301 (WESTLAW through October 2, 2001).

In an action upon a **simple contract**, an **acknowledgement**, or **promise, by words only** is not sufficient evidence of an new or continuing contract whereby to take the case out of the operation of the statute of limitations or to deprive a party of the benefit thereof unless the acknowledgement, or promise, is in writing, signed by the party chargeable thereby. This section does not alter or take away, or lessen the effect of a payment of principal or interest made by any person. In actions against two or more joint contractors, or executors, or administrators, if it appears at the trial, or otherwise, that the plaintiff, though barred by the statute of limitations as to one or more of the defendants, is nevertheless entitled to recover against any other defendant by virtue of a new acknowledgement, or promise, or otherwise, judgment may be given for the plaintiff as to that defendant. An **indorsement or memorandum of a payment written or made upon a** promissory **note, bill of exchange, or other writing**, by or on behalf of the party to whom the payment is to be made, is not sufficient proof of the payment so as to take the case out of the operation of the statute of limitations. D.C. Code Ann. § 28-3504 (WESTLAW through October 2, 2001).

**Judgments** –

(a) Except as provided by subsection (b) of this section, every final judgment or final decree for the payment of money rendered in the –

(1) United States District Court for the District of Columbia; or

(2) Superior Court for the District of Columbia, when filed and recorded in the office of the Recorder of Deeds of the District of Columbia,

Is enforceable, by execution issued thereon, for the period of twelve (12) years only from the date when an execution might first be issued thereon, or from the date of the last order of revival thereof. The time during which the judgment creditor is stayed from enforcing the judgment, by written agreement filed in the case, or other order, or by the operation of an appeal, may not be computed as a part of the period within which the judgment is enforceable by execution.

(b) At the expiration of the twelve-year period provided by subsection (a) of this section, the judgment or decree shall cease to have any operation or effect. Thereafter, except in the case of a proceeding that may be then pending for the enforcement of the judgment or decree, action may not be brought on, nor may it be revived, and execution may not issue on it. D.C. Code Ann. § 15-101 (WESTLAW through October 2, 2001).

An order of revival issued upon a judgment or decree during the period of twelve years from the rendition or from the date of an order reviving the judgment or decree, extends the effect and operation of the judgment or decree with the lien thereby created and all the remedies for its enforcement for the period of twelve years from the date of the order. D.C. Code Ann. § 15-103 (WESTLAW through October 2, 2001).

**Florida**

**Contracts – oral:** 4 years

A legal or equitable action on a contract, obligation, or liability not founded on a written instrument, including an action for the sale and delivery of goods, wares, and merchandise, and on store accounts. Fla. Stat. Ann. § 95.11(3)(k) (West, WESTLAW through End of 2001 1st Reg. Session).

**Contracts – written:** 5 years

A legal or equitable action on a contract, obligation, or liability founded on a written instrument, except for an action to enforce a claim against a payment bond, which shall be governed by the applicable provisions of

© 2009 ACA International. All Rights Reserved.

CCA000309

§§ 255.05(2)(a)2. and 713.23(1)(e). Fla. Stat. Ann. § 95.11(2)(b) (West, WESTLAW through End of 2001
1st Reg. Session).

**Judgments - Domestic Of Record**
20 years. An action on a judgment or decree of a court of record in this state. Fla. Stat. Ann. § 95.11(1)
(West, WESTLAW through End of 2001 1st Reg. Session).

**Judgments -Foreign or Not of Record**
5 years. An action on a judgment or decree of any court, not of record, of this state or any court of the United
States, any other state or territory in the United States, or a foreign country.  Fla. Stat. Ann. § 95.11(2)(a)
(West, WESTLAW through End of 2001 1st Reg. Session).

<u>**Georgia**</u>
**Oral Contracts**
All actions upon open account, or for the breach of any contract not under the hand of the party sought to be
charged, or upon any implied promise or undertaking shall be brought within 4 years after the right of action
accrues.  However, this Code section shall not apply to actions for the breach of contracts for the sale of
goods under Article 2 of Title 11. Ga. Code Ann. § 9-3-25 (WESTLAW through 2002 Reg. Session of the
General Assembly).

**All other actions upon contracts express or implied** not otherwise provided for shall be brought within 4
years from the accrual of the right of action. However, this Code shall not apply to actions for the breach of
contracts for the sale of goods under Article 2 of Title 11. Ga. Code Ann. §, 9-3-26 (WESTLAW through
2002 Reg. Session of the General Assembly).

**Written Contracts**
All actions upon simple contracts in writing shall be brought within 6 years after the same become due and
payable. However, this Code section shall not apply to actions for the breach of contracts for the sale of
goods under Article 2 of Title 11 or to negotiable instruments under Article 3 of Title 11. Ga. Code Ann. §
9-3-24 (WESTLAW through 2002 Reg. Session of the General Assembly).

**Sealed Instruments**
Actions upon bonds or other instruments under seal shall be brought within 20 years after the right of action
has accrued.  No instrument shall be considered under seal unless so recited in the body of the instrument.
Ga. Code Ann. § 9-3-23 (WESTLAW through 2002 Reg. Session of the General Assembly).

**Judgments**
A judgment shall become dormant and shall not be enforced when 7 years shall elapse after the rendition of
the judgment before execution is issued thereon and is entered on the general execution docket of the county
in which the judgment was rendered. Ga. Code Ann. § 9-12-60(a)(1) (WESTLAW through 2002 Reg.
Session of the General Assembly).

<u>**Guam**</u>
**Contracts**
Within three (3) years – (7) An action upon a contract, obligation or liability not founded an instrument in
writing, other than that mentioned in Subdivision (2) of § 11303 of this Title; or an action founded upon a
contract, obligation or liability, evidenced by a certificate, or abstract or guaranty of title of real property or
by a policy of title insurance; shall not be deemed to have accrued until the aggrieved party has discovered
the loss or damage. 7 Guam Code Ann. § 11305 (WESTLAW through P.L. 26-116 (2002)).

Within four (4) years –
(1) An action upon any contract, obligation or liability founded an instrument in writing.

© 2009 ACA International. All Rights Reserved.

CCA000310

(2) An action to recover (1) upon a book account whether consisting of one (1) or more entries; (2) upon an account stated based upon an account in writing, but the acknowledgment of the account stated need not be in writing; (3) a balance due upon a mutual, open and current account, provided, however, that where an account stated is based upon an account of one (1) item, the time shall begin to run from the date of said item, and where an account stated is based upon an account of more than one (1) item, the time shall begin to run from the date of the last item.

(3) An action based upon rescission of a contract. The time begins to run from the date upon which occurred the facts that the aggrieved party claims permits him to rescind the contract. Where the ground for rescission is fraud or mistake, the time does not begin to run until the aggrieved party discovers the facts constituting the fraud or mistake. Where the ground for rescission is misrepresentation relating to an offer to insure or an application to obtain insurance, the time does not begin to run until the representation becomes false.
7 Guam Code Ann. § 11303 (WESTLAW through P.L. 26-116 (2002)).

The term book account means a statement which constitutes the principal record of one (1) or more transactions between a debtor and a creditor arising out of a contract or some fiduciary relation, and which shows the debits and credits in connection therewith, and against whom and in favor of whom entries are made, is entered in the regular course of business as conducted by the creditor or fiduciary, and is kept in a reasonably permanent form and manner and is (1) in a bound book, or (2) on a sheet or sheets fastened in a book or to a backing but detachable therefrom, or (3) on a card or cards of a permanent character or is kept in any reasonably permanent form and manner. 7 Guam Code Ann. § 11304 (WESTLAW through P.L. 26-116 (2002)).

### Judgments
Within five (5) years --
1. An action upon a judgment or decree of any court of the United States or of any state within the United States.
7 Guam Code Ann. § 11302 (WESTLAW through P.L. 26-116 (2002)).

## Hawaii
### Contracts
The following actions shall be commenced within six (6) years next after the cause of action accrued, and not after:

(1) Actions for the recovery of any debt founded upon contract, obligation, or liability, excepting such as are brought upon the judgment or decree of a court; excepting further that actions for the recovery of any contract, obligation or liability made pursuant to chapter 577A shall be governed by chapter 577A;

(2) Actions for taking or detaining any goods or chattels, including actions in the nature of replevin.
Haw. Rev. Stat. Ann. §§ 657-1(1), (3) (Lexis, WESTLAW through 2001 Third Special Session of the Twenty-First Legislature).

### Judgments -
Unless an extension is granted, every judgment and decree of any court of the State shall be presumed to be paid and discharged at the expiration of ten (10) years after the judgment or decree was rendered. No action shall be commenced after the expiration of ten years from the date a judgment or decree was rendered or extended. No extension of a judgment or decree shall be granted unless the extension is sought within ten years of the date the original judgment or decree was rendered. A court shall not extend any judgment or decree beyond twenty years from the date of the original judgment or decree. No extension shall be granted without notice and the filing of a non-hearing motion or a hearing motion to extend the life of the judgment or decree.
Haw. Rev. Stat. Ann. § 657-5 (Lexis, WESTLAW through 2001 Third Special Session of the Twenty-First Legislature).

© 2009 ACA International. All Rights Reserved.

CCA000311

The following actions shall be commenced within six (6) years next after the cause of action accrued, and not after:

      (1)Actions upon judgments or decrees rendered in any court not of record in the State, or subject to section 657-9, in any court of record in any foreign jurisdiction.

Haw. Rev. Stat. Ann. § 657-1(2) (Lexis, WESTLAW through 2001 Third Special Session of the Twenty-First Legislature).

### Idaho
#### Contracts
#### Within 4 years: Oral
An action upon a contract, obligation or liability not founded upon an instrument of writing. Idaho Code § 5-217 (Lexis, WESTLAW through 2002 Cumulative Supplement (2nd Reg. Session of the 56th Legislature)).

#### Within 5 years: Written
An action upon any contract, obligation or liability founded upon an instrument in writing. The limitations prescribed by this section shall never apply to actions in the name or for the benefit of the state and shall never be asserted nor interposed as a defense to any action in the name or for the benefit of the state although such limitations may have become fully operative as a defense prior to the adoption of this amendment." Idaho Code Ann. § 5-216 (Lexis, WESTLAW through 2002 Cumulative Supplement (2nd Reg. Session of the 56th Legislature)).

#### Judgments – 6 years.
**"Within six (6) years:**
1. An action upon a judgment or decree of any court of the United States, or of any state or territory within the United States.
2. An action for mesne profits of real property." *[Editor's Note: Mesne profits are profits of an estate received in wrongful possession between two dates.]* Idaho Code Ann. § 5-215 (Lexis, WESTLAW through 2002 Cumulative Supplement (2nd Reg. Session of the 56th Legislature)).

#### Tolling of Statutes
Where a judgment is made payable in installments, the statute of limitations applies to each installment separately, and does not begin to run on any installment until it is due.
*Simonton v. Simonton*, 193 P. 386 (Idaho 1920).

#### Acknowledgment or new promise -- Effect on operation of statute -- Effect of partial payment:
No acknowledgment or promise is sufficient evidence of a new or continuing contract by which to take the case out of the operation of this chapter, unless the same is contained in some writing, signed by the party to be charged thereby; but any payment of principal or interest is equivalent to a new promise in writing, duly signed, to pay the residue of the debt. Idaho Code Ann. § 5-238 (Lexis, WESTLAW through 2002 Cumulative Supplement (2nd Reg. Session of the 56th Legislature)).

Statute of limitations can be extended by an obligor who makes a partial payment after a note is due. Such a partial payment is equivalent to a new promise by an obligor to pay a debt. *Thomson v. Sunny Ridge Village P'ship*, 796 P.2d 539, 540 (Idaho Ct. App. 1990).

Partial payment by one of several debtors only binds the person making the payment and does not operate to take the debt out of the statute of limitations with regard to any other debtor. *Id at 541.*

### Illinois
#### Oral Contracts
Except as provided in Section 2-725 of the "Uniform Commercial Code", approved July 31, 1961, as amended, and Section 11-13 of "The Illinois Public Aid Code", approved April 11, 1967, as amended, actions on unwritten contracts, expressed or implied, or on awards of arbitration, or to recover damages for

© 2009 *ACA International. All Rights Reserved.*

CCA000312

an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued. 735 Ill. Comp. Stat. 5/13-205 (West, WESTLAW through P.A. 92-650, 92-652 through 92-700 of the 2002 Reg. Session of the 92nd Gen. Assembly).

**Written Contracts**
Except as provided in Section 2-725 of the "Uniform Commercial Code", actions on bonds, promissory notes, bills of exchange, written leases, written contracts, or other evidences of indebtedness in writing, shall be commenced within 10 years next after the cause of action accrued; but if any payment or new promise to pay has been made, in writing, on any bond, note, bill, lease, contract, or other written evidence of indebtedness, within or after the period of 10 years, then an action may be commenced thereon at any time within 10 years after the time of such payment or promise to pay. For purposes of this Section, with regard to promissory notes dated on or after the effective date of this amendatory Act of 1997, a cause of action on a promissory note payable at a definite date accrues on the due date or date stated in the promissory note or the date upon which the promissory note is accelerated. With respect to a demand promissory note dated on or after the effective date of this amendatory Act of 1997, if a demand for payment is made to the maker of the demand promissory note, an action to enforce the obligation of a party to pay the demand promissory note must be commenced within 10 years after the demand. An action to enforce a demand promissory note is barred if neither principal nor interest on the demand promissory note has been paid for a continuous period of 10 years and no demand for payment has been made to the maker during that period. 735 Ill. Comp. Stat. 5/13-206 (West, WESTLAW through P.A. 92-650, 92-652 through 92-700 of the 2002 Reg. Session of the 92nd Gen. Assembly).

**Judgments**
Judgments in a circuit court may be revived as provided by Section 2-1601 of this Act, within 20 years next after the date of such judgment and not after; and the provisions of Section 13-217 of this Act shall apply also to this Section. 735 Ill. Comp. Stat. 5/13-218 (West, WESTLAW through P.A. 92-650, 92-652 through 92-700 of the 2002 Reg. Session of the 92nd Gen. Assembly).

## Indiana
**Contracts        6 years (oral)**
The following actions must be commenced within six (6) years after the cause of action accrues:
1. Actions on accounts and contracts not in writing.
2. Actions for use, rents, and profits of real property.
3. Actions for injuries to property other than personal property, damages for detention of personal property and for recovering possession of personal property.
4. Actions for relief against frauds.
Ind. Code Ann § 34-11-2-7 (West, WESTLAW through End of 2001 1st Regular Session).

**6 years (written contract for payment of money)**
An action upon promissory notes, bills of exchange or other written contracts for the payment of money executed after August 31, 1982, must be commenced within six (6) years after the cause of action accrues. An action upon promissory notes, bills of exchange, and other written contracts for the payment of money executed on or after September 19, 1881, and before September 1, 1982, must be commenced with ten (10) years after the cause of action accrues. Ind. Code Ann § 34-11-2-9 (West, WESTLAW through End of 2001 1st Regular Session).

**10 years (written contract other than for payment of money)**
An action upon contracts in writing other than those for the payment of money, and including all mortgages other than chattel mortgages, deeds of trust, judgments of courts of record, and for the recovery of the possession of real estate, must be commenced within ten (10) years after the cause of action accrues. However, an action upon contracts in writing other than those for the payment of money entered into before September 1, 1982, including chattel mortgages, deeds of trust, judgments of courts of record, and for the

© 2009 ACA International. All Rights Reserved.

CCA000313

recovery of the possession of real estate, must be commenced within twenty (20) years after the cause of action accrues. Ind. Code Ann § 34-11-2-11 (West, WESTLAW through End of 2001 1st Regular Session).

**Judgments - Of record:**
20 years. Every judgment and decree of any court of record of the United States, of Indiana, or of any other state shall be considered satisfied after the expiration of twenty (20) years. Ind. Code Ann § 34-11-2-12 (West, WESTLAW through End of 2001 1st Regular Session).

## Iowa
### Contracts
### Oral
Actions on oral contracts must be brought within five years. Iowa Code Ann. § 614.1(4) (West, WESTLAW through end of 2001 2nd Ex. Session).

### Written
Actions on written contracts must be brought within ten (10) years. Iowa Code Ann. § 614.1(5) (West, WESTLAW through end of 2001 2nd Ex. Session).

### Judgments
**Of Courts Not of Record**
Actions on judgment of courts not of record must be brought within ten (10) years. Iowa Code Ann. § 614.1(5) (West, WESTLAW through end of 2001 2nd Ex. Session).

**Of Courts of Record**
Actions founded on a judgment of a court of record, whether of this or of any other of the United States, or of the federal courts of the United States, must be brought within twenty (20) years. Iowa Code Ann. § 614.1(6) (West, WESTLAW through end of 2001 2nd Ex. Session).

## Kansas
### Contracts
3 years all actions upon contracts, obligations or liabilities expressed or implied but not in writing. Kan. Stat. Ann. § 60-512(1) (WESTLAW through End of 2000 Reg. Session).

5 years an action upon any agreement, contract or promise in writing. Kan. Stat. Ann. § 60-511(1) (WESTLAW through End of 2000 Reg. Session).

(a) In any case founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt or claim, or any promise to pay the same, shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment or promise; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby.
(b) If there be two or more joint contractors, no one of whom is entitled to act as the agent of the others, no such joint contractor shall lose the benefit of the statute of limitations so as to be chargeable by reason of any acknowledgment, promise or payment made by any other or others of them, unless done with the knowledge and consent of, or satisfied [ratified] by the joint contractor sought to be charged. Kan. Stat. Ann. § 60-520 (WESTLAW through End of 2000 Reg. Session).

### Judgments - Domestic Of Record
Renewal affidavit or execution keeps judgment alive every five (5) years. Kan. Stat. Ann. § 60-2403(a)(1) (WESTLAW through End of 2000 Reg. Session).

## Kentucky
### Contracts

© 2009 ACA International. All Rights Reserved.

CCA000314

5 years after the cause of action accrued (**oral, express or implied**) Ky. Rev. Stat. Ann. § 413.120(1) (West, WESTLAW through End of 2001 Reg. Session).

15 years after the cause of action first accrued (**written**) Ky. Rev. Stat. Ann. § 413.090(2) (West, WESTLAW through End of 2001 Reg. Session).

Parties may contract for a shorter limitation period:
"It is now well settled law in this state that parties, dealing at arm's length, may contract for a limitation shorter than that provided by statute, so long as the period provided for is a reasonable one." *Prewitt v. Supreme Council of Royal Arcanum*, 194 S.W.2d 633, 635 (Ky. 1946).

An action on a merchant's account for goods sold and delivered, or any article charged in such store account must commence within 5 years from January 1 next succeeding the respective dates of the delivery of the several articles charged in the account. Judgment shall be rendered for no more than the amount of articles actually charged or delivered within five (5) years preceding that in which the action was brought... Ky. Rev. Stat. Ann. §§ 413.120(10), 413.130 (West, WESTLAW through End of 2001 Reg. Session).

**Judgments - Domestic**
15 years after the cause of action first accrued. Ky. Rev. Stat. Ann. § 413.090(1) (West, WESTLAW through End of 2001 Reg. Session).

**Foreign**
15 years after the cause of action first accrued. Ky. Rev. Stat. Ann. § 413.090(1) (West, WESTLAW through End of 2001 Reg. Session).

<u>**Louisiana**</u>
Unless otherwise provided by legislation, a personal claim is subject to a liberative prescription of ten years. La. Civ. Code Ann. Art. 3499 (WESTLAW through 2005 Reg. Sess.).

The following actions are subject to a liberative prescription of three years:
   (1) An action for the recovery of compensation for services rendered, including payment of salaries, wages, commissions, tuition fees, professional fees, fees and emoluments of public officials, fright, passage, money, lodging, and board;
   (2) An action for arrearages of rent and annuities;
   (3) An action on money lent;
   (4) An action on an open account; and
   (5) An action to recover underpayments or overpayments of royalties from the production of minerals, provided that nothing herein applies to any payments, rent, or royalties derived from state-owned properties.
La. Civ. Code Ann. Art. 3494 (West, WESTLAW through all 2002 First Extraordinary and Regular Session Acts).

Actions on **instruments**, whether negotiable or not, and on **promissory notes**, whether negotiable or not, are subject to a liberative prescription of five (5) years. This prescription commences to run from the day payment is exigible. La. Civ. Code Ann. Art. 3498 (West, WESTLAW through all 2001 Regular and Second Extraordinary Session Acts).

A money judgment rendered by a trial court of this state is prescribed by the lapse of ten (10) years from its signing if no appeal has been taken, or, if an appeal has been taken, it is prescribed by the lapse of ten (10) years from the time the judgment becomes final.

An action to enforce a **money judgment** rendered by a court of another state or a possession of the United States, or of a foreign country, is barred by the lapse of ten (10) years from its rendition; but such a judgment

© 2009 *ACA International. All Rights Reserved.*

CCA000315

is not enforceable in this state if it is prescribed, barred by the statute of limitations, or is otherwise unenforceable under the laws of the jurisdiction in which it was rendered.

Any party having an interest in a **money judgment** may have it revived before it prescribes, as provided in Article 2031 of the Code of Civil Procedure. A judgment so revived is subject to the prescription provided by the first paragraph of this Article. An interested party may have a money judgment rendered by a court of this state revived as often as he may desire.
La. Civil Code Ann. art. 3501 (West, WESTLAW through all 2001 Regular and Second Extraordinary Session Acts).

## Maine
### Contracts
All civil actions shall be commenced within 6 years after the cause of action accrues and not afterwards, except actions on a judgment or decree of any court of record of the United States, or of any state or of a justice of the peace in Maine, and except as otherwise specially provided. Me. Rev. Stat. Ann. tit. 14, § 752 (West, WESTLAW through 2001 1st Reg. Session of 120th Leg.).

### Contracts Under Seal
Personal actions on contracts or liabilities under seal, promissory notes signed in the presence of an attesting witness or on the bills, notes or other evidences of debt issued by a bank shall be commenced within 20 years after the cause of action accrues. Me. Rev. Stat. Ann. tit. 14, § 751 (West, WESTLAW through 2001 1st Reg. Session of 120th Leg.).

### Judgments
Every judgment and decree of any court of record of the United States, or of any state, or justice of the peace in this State shall be presumed to be paid and satisfied at the end of 20 years after any duty or obligations accrued by virtue of such judgment or decree. Me. Rev. Stat. Ann. tit. 14, § 864 (West, WESTLAW through 2001 1st Reg. Session of 120th Leg.).

## Maryland
### Contracts – Three Year Limitation
A civil action at law shall be filed within three (3) years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced. Md. Code Ann., Cts. & Jud. Pro. § 5-101 (West, WESTLAW through end of 2002 Reg. Session).

### Action on Specialties – Twelve Year Limitation
An action on one of the following specialties shall be filed within 12 years after the cause of action accrues, or within 12 years from the date of the death of the last to die of the principal debtor or creditor, whichever is sooner:

      (1)     Promissory note or other instrument under seal;
      (2)     Bond except a public officer's bond;
      (3)     Judgment;
      (4)     Recognizance;
      (5)     Contract under seal; or
      (6)     Any other specialty.

Md. Code Ann., Cts. & Jud. Pro. § 5-102(5) (West, WESTLAW through end of 2002 Reg. Session).

## Massachusetts
### Contracts
Actions of contract, other than those to recover for personal injuries, founded upon contracts or liabilities, express or implied, except actions limited by section one or actions upon judgments or decrees of courts of record of the United States or of this or of any other state of the United States, shall, except as otherwise

© 2009 ACA International. All Rights Reserved.

CCA000316

provided, be commenced only within six (6) years next after the cause of action accrues. Mass. Gen. Laws Ann. ch. 260, § 2 (West, WESTLAW through Ch. 353 of the 2002 2nd Annual Session).

### Contracts Under Seal
The following actions shall be commenced only within twenty (20) years next after the cause of action accrues:

      (1)    Actions upon contracts under seal.
      (2)    Actions upon bills, notes or other evidences of indebtedness issued by a bank.
      (3)    Actions upon promissory notes signed in the presence of an attesting witness, if brought by the original payee or by his executor or administrator.
      (4)    Actions upon contracts not limited by the following section or by any other law.
      (5)    Actions under section thirty-two of chapter one hundred and twenty-three to recover for the support of inmates in state institutions.

Mass. Gen. Laws Ann. ch. 260, § 1 (West, WESTLAW through Ch. 353 of the 2002 2nd Annual Session).

### Contracts for Sale
An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. Mass. Gen. Laws Ann. ch. 106, § 2-725(1) (West, WESTLAW through Ch. 353 of the 2002 2nd Annual Session).

### Judgments
A judgment or decree of a court of record of the United States or of any state thereof shall be presumed to be paid and satisfied at the expiration of twenty (20) years after it was rendered. Mass. Gen. Laws Ann. ch. 260, § 20 (West, WESTLAW through Ch. 353 of the 2002 2nd Annual Session).

### Michigan
**Contracts**    6 years.
The period of limitations is 6 years for all other actions to recover damages or sums due for breach of contract. Mich. Comp. Laws Ann. § 600.5807(8) (West, WESTLAW through P.A. 2002, No. 100 of the 2002 Reg. Session).

### Judgments - Of Record
      10 years.
Except as provided in subsection (4) [actions under the support and parenting time enforcement act], the period of limitations is 10 years for an action founded upon a judgment or decree rendered in a court of record in this state, or in a court of record of the United States or of another state of the United States, from the time of the rendition of the judgment or decree. Mich. Comp. Laws Ann. § 600.5809(3) (West, WESTLAW through 2002, No. 100 of the 2002 Reg. Session).

### Not of Record  6 years.
The period of limitations is 6 years for an action founded upon a judgment or decree rendered in a court not of record of this sate, or of another state, from the time of the rendition of the judgment or decree. *[Editor's note: the statute states that a judgment entered in the small claims division of the district court is not a judgment of a court of record.]* Mich. Comp. Laws Ann. § 600.5813(3) (West, WESTLAW through P.A. 2002, No. 100 of the 2002 Reg. Session).

### Minnesota
**Contracts**
Except where the Uniform Commercial Code otherwise prescribes, the following actions shall be commenced within six (6) years:

      (1)    Upon contract or other obligation, express or implied, as to which no other limitation is expressly prescribed;

© 2009 ACA International. All Rights Reserved.          

(2) Upon a liability created by statute, other than those arising upon a penalty or forfeiture or where a shorter period is provided by section 541.07;

(3) For trespass upon real estate;

(4) For taking, detaining, or injuring personal property, including actions for the specific recovery thereof;

(5) For criminal conversation, or for any other injury to the person or rights of another, not arising on contract, and not hereinafter enumerated;

(6) For relief on the ground of fraud, in which case the cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud;

(7) To enforce a trust or compel a trustee to account, where the trustee has neglected to discharge the trust, or claims to have fully performed it, or has repudiated the trust relation;

(8) Against sureties upon the official bond of any public officer, whether of the state or of any county, town, school district, or a municipality therein; in which case the limitation shall not begin to run until the term of such officer for which the bond was given shall have expired;

(9) For damages caused by a dam, used for commercial purposes; or

(10) For assault, battery, false imprisonment, or other tort, resulting in personal injury, in the conduct that gives rise to the cause of action also constitutes domestic abuse as defined in section 518B.01.

Minn. Stat. § 541.05(1) (West, WESTLAW through End of 2001 First Special Session).

**Contracts for Sale**

An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. Minn. Stat. § 336.2-725(1) (West, WESTLAW through End of 2001 First Special Session).

**Judgments**

No action shall be maintained upon a judgment or decree of a court of the United States, or of any state or territory thereof, unless begun within ten (10) years after the entry of such judgment. Minn. Stat. § 541.04 (West, WESTLAW through End of 2001 First Special Session).

**Mississippi**

(1) The completion of the period of limitation prescribed to bar any action, shall defeat and extinguish the right as well as the remedy. However, the former legal obligation shall be a sufficient consideration to uphold a new promise based thereon.

Miss. Code Ann. § 15-1-3 (West, WESTLAW through End of 2004 Reg. and 1st Extra Session).

(2) In any case founded on a debt, when any part of the debt shall have been paid, or an acknowledgment of an existing liability, debt or claim, or any promise to pay the same shall have been made, the statute of limitations not having run, an action may be brought in such case within the period prescribed for the same, with the said period to begin after such payment, acknowledgment or promise. [**Ed. Note:** The effective date for subsection 2 is July 1, 2005.] Miss. Code Ann. § 15-1-3 (West, WESTLAW through End of 2004 3rd Extra Session).

[**Ed. Note:** Miss. Code Ann. § 15-1-51 and Miss. Const. Art. 4, § 104 provide that the statute of limitations in civil cases does not run against the state, its political subdivisions, or municipal corporations thereof. However, Miss. Code Ann. § 15-1-3 still applies with respect to private debts.]

*See* Parish v. Frazier, 195 F.3d 761, 764 (5th Cir. 1999). The court held that "because the debt was owed to a governmental entity, the statute of limitations did not run, and the debt remains due and payable under Miss.Code Ann. § 15-1-51. As such, the suit by [the collection agency] against Parish was not time barred. [The collection agency] did not violate the FDCPA on this basis."

**Contracts**

© 2009 *ACA International. All Rights Reserved.*   *Page 16 of 34*

**3 years (oral)**
Except as otherwise provided in the Uniform Commercial Code, actions on an open account or account stated not acknowledged in writing, signed by the debtor, and on any unwritten contract, express or implied, shall be commenced within three (3) years next after the cause of such action accrued, and not after, except that an action based on an unwritten contract of employment shall be commenced within one (1) year next after the cause of such action accrued, and not after. Miss. Code Ann. § 15-1-29 (West, WESTLAW through End of 2001 2nd Ex. Session).

**3 years (written)**
Miss. Code Ann. § 15-1-49 (West, WESTLAW through End of 2001 2nd Ex Session).

**6 years (sale of goods)**
Miss. Code Ann. § 75-2-725(1) (West, WESTLAW through End of 2000 3rd Extra Session).

**Judgments – Domestic Of Record**
        7 years
Miss. Code Ann. § 15-1-43 (West, WESTLAW through End of 2001 2nd Extra Session).

**Not of Record   3 years**
Miss. Code Ann. § 15-1-49 (West, WESTLAW through End of 2001 2nd Extra Session).

## Missouri
**Contracts**
10 years **(written, whether sealed or unsealed)** Mo. Ann. Stat. § 516.110(1) (West, WESTLAW through End of 2001 1st Reg. Sess. and 1st Extra Sess. of the 91st Gen. Assembly).

5 years (oral) Mo. Ann. Stat. § 516.120(1) (West, WESTLAW through End of 2001 1st Reg. Sess. and 1st Extra Sess. of the 91st Gen. Assembly).

**Judgments – Domestic Of Record**
10 years Mo. Ann. Stat. § 516.350(1) (West, WESTLAW through End of 2001 1st Reg. Sess. and 1st Extra Sess. of the 91st Gen. Assembly).

**Not of Record   5 years** Mo. Ann. Stat. § 516.120(1) (West, WESTLAW through End of 2001 1st Reg. Sess. and 1st Extra Sess. of the 91st Gen. Assembly).

## Montana
**Contracts**
        5 years (oral)
Mont. Code Ann. § 27-2-202(2) (West, WESTLAW through 2000 Special Session).

        8 years (written)
Mont. Code Ann. § 27-2-202(1) (West, WESTLAW through 2000 Special Session).

**Judgments - Domestic**
        10 years
Mont. Code Ann. §§ 27-2-201(1), (2) (West, WESTLAW through 2000 Special Session, *as amended by* Ch. 515, H.B. No. 496, Regular Session of the 57th Legislature).

## Nebraska
**Contracts**

© 2009 *ACA International. All Rights Reserved.*                    *Page 17 of 34*

CCA000319

An action upon a contract, **not in writing**, expressed or implied, or an action upon liability created by statute, other than a forfeiture or a penalty, can only be brought within four (4) years. Neb. Rev. Stat. Ann. § 25-206 (WESTLAW through End of 2001 First Special Session).

(1) Except as provided in subsection (2) of this section, an action upon a specialty, or any agreement, contract, or promise **in writing**, or foreign judgment, can only be brought within five (5) years. No action at law or equity may be brought or maintained attacking the validity or enforceability of or to rescind or declare void and **uncollectible** any written contract entered into pursuant to, in compliance with, or in reliance on, a statute of the State of Nebraska which has been or hereafter is held to be unconstitutional by the Supreme Court of Nebraska where such holding is the basis for such action, unless such action be brought or maintained within one year from the effective date of such decision. The provisions hereof shall not operate to extend the time in which to bring any action or to revive any action now barred by reason of the operation of any previously existing limitation provision.

(2) An action to recover collateral (a) the possession and ownership of which a debtor has in any manner transferred to another person and (b) which was used as security for payment pursuant to an agreement, contract, or promise in writing which covers farm products as described in Nebraska Statute section 9-102, Uniform Commercial Code, or farm products which **become** inventory of a person engaged in farming, shall be brought within eighteen (18) months from the date possession and ownership of such collateral was transferred.
Neb. Rev. Stat. Ann. § 25-205 (WESTLAW through End of 2001 First Special Session).

In any cause founded on contract, when any part of the principal or interest shall have been voluntarily paid, or an acknowledgment of an existing liability, debt or claim, or any promise to pay the same shall have been made in writing, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment or promise; PROVIDED, that the provisions of this section shall not be applicable to real estate mortgages which have become barred under the provisions of Nebraska Statute section 25-202 as against subsequent encumbrances and purchasers for value. Neb. Rev. Stat. Ann. § 25-216 (WESTLAW through End of 2001 First Special Session).

**Judgments -**
If execution is not sued out within five (5) years after the date of entry of any judgment that now is or may hereafter be rendered in any court of record in this state, or if five (5) years have intervened between the date of the last execution issued on such judgment and the time of suing out another writ of execution thereon, such judgment, and all taxable costs in the action in which such judgment was obtained, shall become dormant and shall cease to operate as a lien on the estate of the judgment debtor. Neb. Rev. Stat. Ann. § 25-1515 (WESTLAW through End of 2001 First Special Session).

## Nevada
**Written Contracts**     6 years
Nev. Rev. Stat. 11.190(1)(b) (WESTLAW through 2001 Reg. Session and 17th and 18th Special Sessions of the 71st Leg.).

**Oral Contracts**     4 years
Nev. Rev. Stat. 11.190(2)(c) (WESTLAW through 2001 Reg. Session and 17th and 18th Special Sessions of the 71st Leg.).

**Judgments**     6 years
Nev. Rev. Stat. 11.190(1)(a) (WESTLAW through 2001 Reg. Session and 17th and 18th Special Sessions of the 71st Leg.).

**Hospital Accounts**
**Effective Date: October 1, 2007**

© 2009 *ACA International. All Rights Reserved.*

CCA000320

1. Except as otherwise provided in this section, an action against a person to recover payment for any amount owed to a hospital for hospital care provided to the person at the hospital must be commenced not later than 4 years after the date on which any payment that is due for the services is not paid.

2. The period provided in subsection 1 is tolled during any periods in which the hospital is awaiting a determination concerning eligibility for, or the amount of, benefits from an

insurer or public program and during any periods in which payments are being made.

3. As used in this section, "hospital care" has the meaning ascribed to it in NRS 428.155.

N.V. A.B. 247(Sec. 7) (2007)

### New Hampshire
**Contracts** 3 years

Except as otherwise provided by law, all personal actions, except actions for slander or libel, may be brought only within 3 years of the act or omission complained of, except that when the injury and its causal relationship to the act or omission were not discovered and could not reasonably have been discovered at the time of the act or omission, the action shall be commenced within 3 years of the time the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its causal relationship to the act or omission complained of. N.H. Rev. Stat. Ann. § 508:4 (WESTLAW through End of 2002 Reg. Session).

20 years (under seal)

Actions of debt upon... contracts under seal may be brought within 20 years after the cause of action accrued, and not afterward. N.H. Rev. Stat. Ann. § 508:5 (WESTLAW through End of 2002 Reg. Session).

**Judgments** 20 years.

Actions of debt upon judgments... may be brought within 20 years after the cause of action accrued, and not afterward. N.H. Rev. Stat. Ann. § 508:5 (WESTLAW through End of 2002 Reg. Session).

### New Jersey
**Contracts**

Every action at law... for recovery upon a contractual claim or liability, express or implied, not under seal,... shall be commenced within 6 years next after the cause of any such action shall have accrued. This section shall not apply to any action for breach of any contract for sale governed by section 12A:2-725 of the New Jersey Statutes. N.J. Stat. Ann. § 2A:14-1 (West, WESTLAW through L.2001, c. 457).

Every action at law for rent or arrears of rent, founded upon a lease under seal, every action at law upon a single or penal bill under seal for the payment of money only, upon an obligation under seal conditioned for the payment of money only, upon a recognizance or upon an award under the hands and seals of arbitrators for the payment of money only, shall be commenced within 16 years next after the cause of action shall have accrued. If, however, any payment is made on any such lease, specialty, recognizance, or award within or after such period of 16 years, an action thereon may be commenced within 16 years next after such payment, and not thereafter.

This section shall not apply to any action for breach of any contract for sale governed by section 12A:2-725. This section shall also not apply to any action founded upon an instrument under seal brought by a merchant or bank, finance company, or other financial institution. Any such action shall be commenced within 6 years next after the cause of any such action shall have accrued. N.J. Stat. Ann. § 2A:14-4 (West, WESTLAW through L.2000, c. 457).

**Judgments**

An action to enforce an obligation, duty, or right arising under the Uniform Commercial Code, Bank Deposits and Collections chapter must be commenced within three (3) years after the cause of action accrues. N.J. Stat. Ann. § 12A:4-111 (West, WESTLAW through L.2001, c. 457).

© 2009 ACA International. All Rights Reserved.

CCA000321

A judgment in any court of record in this state may be revived by proper proceedings or an action at law may be commenced thereon within 20 years next after the date thereof, but not thereafter. An action may be commenced on a judgment obtained in any other state or country within 20 years next after the date thereof or within the period in which a like action might be brought thereon in that state or country, whichever period is shorter, but not thereafter. N.J. Stat. Ann. § 2A:14-5 (West, WESTLAW through L.2001, c.457).

### New Mexico
**Oral Contracts**
Actions founded upon accounts and unwritten contracts; those brought for injuries to property or for the conversion of personal property or for relief upon the ground of fraud, and all other actions not herein otherwise provided for and specified within four (4) years. N.M. Stat. Ann. § 37-1-4 (WESTLAW through 2002 2nd Reg. Session of the 45th Leg.).

**Written Contracts and Judgment Not of Record**
Actions founded upon any bond, promissory note, bill of exchange or other contract in writing, or upon any judgment of any court not of record, within six (6) years. N.M. Stat. Ann. § 37-1-3(A) (WESTLAW through 2002 2nd Reg. Session of the 45th Leg.).

**Judgments of Record**
Actions founded upon any judgment of any court of the state may be brought within fourteen (14) years from the date of the judgment, and not afterward. Actions founded upon any judgment of any court of record of any other state or territory of the United States, or of the federal courts, may be brought within the applicable period of limitation within that jurisdiction, not to exceed fourteen (14) years from the date of the judgment, and not afterward. N.M. Stat. Ann. § 37-1-2 (WESTLAW through 2002 2nd Reg. Session of the 45th Leg.).

*Editor's Note: A case filed against a collection agency by the New Mexico Attorney General's office dealt with the issue of collecting debts after the statute of limitations expired. The case was settled by consent decree. The terms of this settlement do not prohibit collection agencies from pursuing collection of time-barred debts in the state of New Mexico. However, the terms of the settlement agreement require the debt collector to provide written and oral disclosures to the consumer that the debt is time-barred and unenforceable when engaging in any future collection of time-barred debts in New Mexico. The attorney general's press release regarding the case may be accessed at http://www.nmag.gov/Articles/newsArticle.aspx?ArticleID=484.*

*In January 2009 the New Mexico Attorney General's office issued a letter asserting that although the above-referenced consent decree does not have the force of law outside the particular above-referenced case, "it does reflect the Attorney General's informed opinion of the law, and it is reasonable for the industry to assume that this office will take the same position in all other cases involving efforts to collect time-barred debt from New Mexico residents." In light of this issue, debt collectors should consult with an attorney prior to collecting time-barred debts in New Mexico.*

### New York
**Contracts**        6 years (see below)
Actions to be commenced within six (6) years: where not otherwise provided for; on contract; on sealed instrument; on bond or note, and mortgage upon real property; by state based on misappropriation of public property; based on mistake; by corporation against director, officer or stockholder; based on fraud:
The following actions must be commenced within six years:
1. an action for which no limitation is specifically prescribed by law;
2. an action upon a contractual obligation or liability, express or implied, except as provided in section two hundred thirteen-a of this article or article 2 of the uniform commercial code or article 36-B of the general business law;
3. an action upon a sealed instrument;
4. an action upon a bond or note, the payment of which is secured by a mortgage upon real property, or upon a bond or note and mortgage so secured, or upon a mortgage of real property, or any interest therein;

© 2009 ACA International. All Rights Reserved.

CCA000322

5. an action by the state based upon the spoliation or other misappropriation of public property; the time within which the action must be commenced shall be computed from discovery by the state of the facts relied upon;

6. an action based upon mistake;

7. an action by or on behalf of a corporation against a present or former director, officer or stockholder for an accounting, or to procure a judgment on the ground of fraud, or to enforce a liability, penalty or forfeiture, or to recover damages for waste or for an injury to property or for an accounting in conjunction therewith.

8. an action based upon fraud; the time within which the action must be commenced shall be computed from the time the plaintiff or the person under whom he claims discovered the fraud, or could with reasonable diligence have discovered it.

N.Y. C.P.L.R. § 213 (West, WESTLAW through L. 2002, chs. 1, 5 to 591 and 598 to 601).

**Breach of contract for sale    4 years**
An action for breach of any contract for sale must be commenced within four (4) years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. N.Y. U.C.C. § 2-725(1) (West, WESTLAW through L. 2002, chs. 1, 5 to 591 and 598 to 601).

**Judgments Domestic   20 years**
Actions to be commenced within twenty (20) years
On a money judgment. A money judgment is presumed to be paid and satisfied after the expiration of twenty years from the time when the party recovering it was first entitled to enforce it. This presumption is conclusive, except as against a person who within the twenty years acknowledges an indebtedness, or makes a payment, of all or part of the amount recovered by the judgment, or his heir or personal representative, or a person whom he otherwise represents. Such an acknowledgment must be in writing and signed by the person to be charged. Property acquired by an enforcement order or by levy upon an execution is a payment, unless the person to be charged shows that it did not include property claimed by him. If such an acknowledgment or payment is made, the judgment is conclusively presumed to be paid and satisfied as against any person after the expiration of twenty years after the last acknowledgment or payment made by him. The presumption created by this subdivision may be availed of under an allegation that the action was not commenced within the time limited. N.Y. C.P.L.R § 211(b) (West, WESTLAW through L. 2002, chs. 1, 5 to 591 and 598 to 601).

**New York City:**
*Editor's Note: Effective July 19, 2009, New York City regulations prohibit a debt collection agency from contacting or seeking to collect a debt on which the statute of limitations has expired unless the agency first provides the consumer with information about the consumer's legal rights. The Commissioner is directed to prescribe what must be provided in this notice. Int. No. 660-A (New York City 2009) amending New York City, N.Y., Code § 20-493.2(b) (West, WESTLAW through Local Laws 21 of 2008 and Chapters 1-400 of the Laws of the state of N. Y. for 2008).*

## North Carolina
**Contracts**
Three Year Limitation
Within three (3) years an action –

    (1)    Upon a contract, obligation or liability arising out of a contract, express or implied, except those mentioned in the preceding sections or in G.S. 1-53(1).

    (1a)   Upon the official bond of a public officer.

    (2)    Upon a liability created by statute, either state or federal, unless some other time is mentioned in the statute creating it.

    (3)    For trespass upon real property. When the trespass is a continuing one, the action shall be commenced within three years from the original trespass, and not thereafter.

    (4)    For taking, detaining, converting or injuring any goods or chattels, including action for their specific recovery.

© 2009 ACA International. All Rights Reserved.

CCA000323

(5)     For criminal conversation, or for any other injury to the person or rights of another, not arising on contract and not hereafter enumerated.

(6)     Against the sureties of any executor, administrator, collector or guardian on the official bond of their principal; within three years after the breach thereof complained of.

(7)     Against bail; within three years after judgment against the principal; but bail may discharge himself by a surrender of the principal, at any time before final judgment against the bail.

(8)     For fees due·to a clerk, sheriff or other officer, by the judgment of a court; within three years from the rendition of the judgment, or the issuing of the last execution thereon.

(9)     For relief on the ground of fraud or mistake; the cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake.

(10)    Repealed by Session Laws 1977, c. 886, s. 1.

(11)    For the recovery of any amount under and by virtue of the provisions of the Fair Labor Standards Act of 1938 and amendments thereto, said act being an act of Congress.

(12)    Upon a claim for loss covered by an insurance policy which is subject to the three-year limitation contained in lines 158 through 161 of the Standard Fire Insurance Policy for North Carolina, G.S. 58-44-15(c).

(13)    Against a public officer, for a trespass, under color of his office.

(14)    An action under Chapter 75B of the General Statutes, the action in regard to a continuing violation accrues at the time of the latest violation.

(15)    For the recovery of taxes paid as provided in G.S. 105-267 and G.S. 105-381.

(16)    Unless otherwise provided by statute, for personal injury or physical damage to claimant's property, the cause of action, except in causes of actions referred to in G.S. 1-15(c), shall·not accrue until bodily harm to the claimant or physical damage to his property becomes apparent or ought reasonably to have become apparent to the claimant, whichever event·first occurs. Provided that no cause of action shall accrue more than 10 years from the last act or omission of the defendant giving rise to the cause of action.

(17)    Against a public utility, electric or telephone membership corporation, or a municipality·for damages or for compensation for right-of-way or use of any lands for a utility service line or lines to serve one or more customers or members unless an inverse condemnation action or proceeding is commenced within three years after the utility service line has been constructed or by October 1, 1984, whichever is later.

(18)    Against any registered land surveyor as defined in G.S. 89C-3(9) or any person acting under his supervision and control for physical damage or economic or monetary loss due to negligence or a deficiency in the performance of surveying or platting as defined in G.S. 1-47(6).

(19)    For assault, battery, or false imprisonment.

N.C. Gen. Stat. § 1-52 (West, WESTLAW through S.L. 20002-113 of the 2002 Reg. and Ex. Sessions).

**Judgments**

Ten Year Limitation

Within ten (10) years an action –

(1)     Upon a judgment or decree of any court of the United States, or of any state or territory thereof, from the date of its rendition. No such action may be brought more than once, or have the effect to continue the lien of the original judgment.

(1a)    Upon a judgment rendered by a justice of the peace, from its date.

(2)     Upon a sealed instrument or an instrument of conveyance of an interest in real property, against the principal thereto. Provided, however, that if action on an instrument is filed, the defendant or defendants in such action may file a counterclaim arising out of the same transaction or transactions as are the subject of plaintiff's claim, although a shorter statute of limitations would otherwise apply to defendant's counterclaim. Such counterclaim may be filed against such parties as provided in G.S. 1A-1, Rules of Civil Procedure.

(3)     For the foreclosure of a mortgage, or deed in trust for creditors with a power of sale, or real property, where the mortgagor or grantor has been in possession of the property, within ten

© 2009 *ACA International. All Rights Reserved.*

CCA000324

years after the forfeiture of the mortgage, or after the power of sale became absolute, or within ten (10) years after the last payment on the same.

(4)     For the redemption of a mortgage, where the mortgagee has been in possession, or for a residuary interest under a deed in trust for creditors, where the trustee or those holding under him has been in possession, within ten years after the right of action accrued.

(5)     Repealed by Laws 1959, c. 879, s. 2.

(6)a.   Against any registered land surveyor as defined in G.S. 89C-3(9) or any person acting under his supervision and control for physical damage or for economic or monetary loss de to negligence or a deficiency in the performance of surveying or platting, within 10 years after the last act or omission giving rise to the cause of action.

(6)b.   For purposes of this subdivision, "surveying and platting" means boundary surveys, topographical surveys, surveys of property lines, and any other measurement or surveying of real property and the consequent graphic representation thereof.

(6)c.   The limitation prescribed by this subdivision shall apply to the exclusion of G.S. 1-15(c) and G.S. 1-52(16).

N.C. Gen. Stat. § 1-47(1) (West, WESTLAW through S.L. 2002-113 of the 2002 Reg. and Ex. Sessions).

## North Dakota
### Contracts

An action upon a contract, obligation, or liability, express or implied, subject to the provisions of sections 28-01-15 and sections 41-02-104, must be commenced within six (6) years after the claim for relief has accrued. N.D. Cent. Code § 28-01-16(1) (Lexis, WESTLAW through End of 2001 Regular Session).

An action for breach of any contract for sale must be commenced within four (4) years after the claim for relief has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. N.D. Cent. Code § 41-02-104 (Lexis, WESTLAW through End of 2001 Regular Session)

### Judgments

An action upon a judgment or decree of any court of the United States or of any state or territory within the United States must be commenced within ten (10) years after the claim for relief has accrued. N.D. Cent. Code § 28-01-15(1) (Lexis, WESTLAW through End of 2001 Regular Session).

## Ohio
### Contracts

An action upon a contract **not in writing**, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within 6 years after the cause thereof accrued. Ohio Rev. Code Ann. § 2305.07 (West, WESTLAW through 124th GA, Files 1 to 83, apv. 1/4/02).

An action upon a specialty or an agreement, contract or promise **in writing** shall be brought within 15 years after the cause thereof accrued. Ohio Rev. Code Ann. § 2305.06 (West, WESTLAW through 124th GA, Files 1 to 83, apv. 1/4/02).

An action for breach of any **contract for sale** must be commenced within 4 years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. Ohio Rev. Code Ann. § 1302.98(A) (West, WESTLAW through 124th GA, Files 1 to 83, apv. 1/4/02).

If payment has been made upon any demand founded on a contract, or a written acknowledgement thereof, or a promise to pay it has been made and signed by the party to be charged, an action may be brought thereon within the time limited by sections 2305.06 and 2305.07 of the Revised Code, after such payment, acknowledgement, or promise. Ohio Rev. Code Ann. § 2305.08 (West, WESTLAW through 124th GA, Files 1 to 83, apv. 1/4/02).

© 2009 ACA International. All Rights Reserved.

CCA000325

**Judgments Domestic**
Revived within 10 years. Ohio Rev. Code Ann. § 2325.18 (WESTLAW through 2006 File 96 of the 126th GA (2005-2006)).

## Oklahoma
**Contracts**
> 3 years (oral) Okla. Stat. tit. 12, § 95 (West, WESTLAW through 2001 1st Ex. Session).
> 5 years (written) Okla. Stat. tit. 12, § 95 (West, WESTLAW through 2001 1st Ex. Session).

**Judgments**
**Domestic**        Kept alive by renewal, execution or garnishment summons every five (5) years (does not apply to child support) Okla. Stat. Ann. tit. 12, §§ 735 B, C (West, WESTLAW through Chapter 9 of 2000 1st Extra Session).

**Debts:**
A statute of limitations does not discharge a debt or extinguish the cause of action on the debt, but only acts as a bar to an otherwise valid cause of action. *Apache Lanes, Inc. v. National Educators Life Ins. Co. of Okla.*, 529 P.2d 984 (1974).

## Oregon
**Contracts**
An action upon a contract or liability, express or implied, excepting those mentioned in Oregon Revised Statutes sections 12.070, 12.110 and 12.135 and except as otherwise provided in Oregon Revised Statutes section 72.7250; shall be commenced within six (6) years. Or. Rev. Stat. § 12.080 (WESTLAW through End of 2001 Reg. Sess. and 2001 Cumulative Supplement).

An action for breach of any contract for sale must be commenced within four (4) years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one (1) year but may not extend it. Or. Rev. Stat. § 72.7250(1) (WESTLAW through End of 2001 Reg. Sess. and 2001 Cumulative Supplement).

**Judgments**
(1) An action upon a judgment or decree of any court of the United States, or of any state or territory within the United States; or

(2) An action upon a sealed instrument entered into before August 13, 1965,
shall be commenced within 10 years.
Or. Rev. Stat. § 12.070 (WESTLAW through End of 2001 Reg. Sess. and 2001 Cumulative Supplement).

## Pennsylvania
**Contracts**
Four year limitation
(a) General rule. Except as provided for in subsection (b) [relating to identity theft], the following actions and proceedings must be commenced within four (4) years:
> (1) An action upon a contract, under seal or otherwise, for the sale, construction or furnishing of tangible personal property or fixtures.
> (2) Any action subject to 13 Pa. C.S. § 2775 (relating to statute of limitations in contracts for sale).
> (3) An action upon an express contract not founded upon an instrument in writing.
> (4) An action upon a contract implied in law, except an action subject to another limitation specified in this subchapter.
> (5) An action upon a judgment or decree of any court of the United States or of any state.
> (6) An action upon any official bond of a public official, officer or employee.

© 2009 ACA International. All Rights Reserved.

CCA000326

(7) An action upon a negotiable or nonnegotiable bond, note or other similar instrument in writing. Where such an instrument is payable upon demand, the time within which an action on it must be commenced shall be computed from the later of either demand or any payment of principal of or interest on the instrument.

(8) An action upon a contact, obligation or liability founded upon a writing not specified in paragraph (7), under seal or otherwise, except an action subject to another limitation specified in this subchapter.

42 Pa. Cons. Stat. Ann. § 5525(a) (West, WESTLAW through Act 2002-39), *amended by* 2002 Pa. Legis. Serv. Act 2002-62 (H.B. 1546) (West, WESTLAW through 185th Reg. Sess. of the Gen. Assembly).

Any civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531 (relating to no limitation) must be commenced within six (6) years. 42 Pa. Cons. Stat. Ann. § 5527(b) (WESTLAW through Act 2006-34).

**20 years (written, under seal)**
    (a) **Execution against personal property** - An execution against personal property must be issued within 20 years after the entry of the judgment upon which the execution is to be issued.
    (b) Instruments under seal—
        (1) Notwithstanding section 5525(7) (relating to four year limitation), an action upon an instrument in writing under seal must be commenced within 20 years.
        (2) This subsection shall expire on June 27, 2018.
42 Pa. Cons. Stat. Ann. § 5529 (West, WESTLAW through Act 2002-39).

**Judgments**
Four year limitation
The following actions must be commenced within four years: An action upon a judgment or decree of any court of the United States or of any state. 42 Pa. Cons. Stat. Ann. § 5525(a) (West, WESTLAW through Act 2002-39), *amended by* 2002 Pa. Legis. Serv. Act 2002-62 (H.B. 1546) (West, WESTLAW through 185th Reg. Sess. of the Gen. Assembly).

**Puerto Rico**
*Editor's Note: Please consult with a Spanish-speaking attorney. Pay particular attention to 10 L.P.R.A. § 1908 and 31 L.P.R.A. § 5294.*

A mortgage action prescribes after twenty (20) years, and those which are personal and for which no special term of prescription is fixed, after fifteen (15) years. 31 L.P.R.A. § 5294 (West, WESTLAW through December 2002).

<u>19 § 518 Statute of limitations</u>
    (a) Except as provided in subsection (e) of this section, an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within three (3) years after the due date or dates stated in the note or, if a due date is accelerated, within three (3) years after the accelerated due date.
    (b) Except as provided in subsection (d) or (e) of this section, if demand for payment is made to the maker of a note payable on demand, an action to enforce the obligation of a party to pay the note must be commenced within three (3) years after the demand. If no demand for payment is made to the maker, an action to enforce the note is barred if neither principal nor interest on the note has been paid for a continuous period of five (5) years.
    (c) Except as provided in subsection (d) of this section, an action to enforce the obligation of a party to an unaccepted draft to pay the draft must be commenced within five (5) years after dishonor of the draft or ten (10) years after the date of the draft, whichever period expires first.
    (d) An action to enforce the obligation of the acceptor of a certified check or the issuer of a teller's check, cashier's check, or traveler's check must be commenced within three (3) years after demand for payment is made to the acceptor or issuer, as the case may be.

© 2009 ACA International. All Rights Reserved.         

CCA000327

(e) An action to enforce the obligation of a party to a certificate of deposit to pay the instrument must be commenced within three (3) years after demand for payment is made to the maker, but if the instrument states a due date and the maker is not required to pay before that date, the three (3) year period begins when a demand for payment is in effect and the due date has passed.

(f) An action to enforce the obligation of a party to pay an accepted draft, other than a certified check, must be commenced: (i) within three (3) years after the due date or dates stated in the draft or acceptance if the obligation of the acceptor is payable at a definite time, or (ii) within three (3) years after the date of the acceptance if the obligation of the acceptor is payable on demand.

(g) Unless governed by other law regarding claims for indemnity or contribution, an action: (i) for conversion of an instrument, for money had and received, or like action based on conversion, (ii) for breach of warranty, or (iii) to enforce an obligation, duty, or right arising under §§ 501-755 of this title and not governed by this section must be commenced within three (3) years after the cause of action accrues.

(h) Notwithstanding anything to the contrary herein, an action to enforce the obligation of a party to pay a note secured by a real estate mortgage should be commenced within the period of time provided by § 5294 of Title 31 for the exercise of a mortgage action.

(i) The statute of limitations shall be interrupted by suit or any judicial proceeding brought against the debtor, by the acknowledgment of the obligations, or by the renewal of the instrument on which the right of the creditor is based. The statute of limitations shall be considered uninterrupted by a judicial proceeding if the plaintiff should withdraw it, or the case should go by default or the complaint be dismissed. The period of the statute of limitations shall begin to be counted again, in case of the acknowledgment of the obligations, from the day P.R. Laws Ann. tit. 19, § 518 (Lexis, WESTLAW through Dec. 1999).

### Rhode Island
**Contracts/Judgments**
The following actions shall be commenced and sued within twenty years next after the cause of action shall accrue and not after: actions on contracts or liabilities under seal; and actions on judgments or decrees of any court of record of the United States, or of any state.
R.I. Gen. Laws § 9-1-17 (Lexis, WESTLAW through 2001 Reg. Session).

Except as otherwise specially provided, all civil actions shall be commenced within ten (10) years next after the cause of action shall accrue, and not after.
R.I. Gen. Laws § 9-1-13(a) (WESTLAW through January 2004 Sess.).

### South Carolina
**Contracts**
3 years. S.C. Code Ann. § 15-3-530(1) (WESTLAW through End of 2001 Reg. Session).
*Editor's Note: S.C. Code Ann. § 15-3-530(1) provides a statute of limitations for three years for "an action upon a contract, obligation, or liability, expressed or implied, excepting those provided for in Section 15-3-520."*

Except as otherwise specially provided, all civil actions shall be commenced within ten (10) years next after the cause of action shall accrue, and not after.
R.I. Gen. Laws § 9-1-13(a) (WESTLAW through January 2004 Sess.).

**Judgments - Domestic**
10 years. S.C. Code Ann. § 15-3-600 (WESTLAW through End of 2001 Reg. Session).

### South Dakota
**Contracts**
An action upon a contract, obligation, or liability, express or implied        6 years (except those mentioned in sections 15-2-6 to 15-2-8, inclusive, and subdivisions 15-2-15(3) and (4)). S.D. Codified Laws § 15-2-13(1) (WESTLAW through 76th Legislative Assembly (2001)).

© 2009 *ACA International. All Rights Reserved.*

CCA000328

An action upon a sealed instrument, except a real estate mortgage    20 years. S.D. Codified Laws § 15-2-6(2) (WESTLAW through 76th Legislative Assembly (2001)).

**Judgments**
An action upon a judgment or decree of any court of this state    20 years. S.D. Codified Laws § 15-2-6(1) (WESTLAW through 76th Legislative Assembly (2001)).

An action upon a judgment or decree of any court of the United States, or any state or territory other than this state within the United States    10 years. S.D. Codified Laws § 15-2-8(1) (WESTLAW through 76th Legislative Assembly (2001)).

An action for relief not otherwise provided for    10 years. S.D. Codified Laws § 15-2-8(4) (WESTLAW through 76th Legislative Assembly (2001)).

### Tennessee
**Contracts**    6 years.
(a) The following actions shall be commenced within six (6) years after the cause of action accrued:
    (1) Actions for the use and occupation of land and for rent;
    (2) Actions against the sureties of guardians, executors and administrators, sheriffs, clerks, and other public officers, for nonfeasance, misfeasance, and malfeasance in office; and
    (3) Actions on contracts not otherwise expressly provided for.
(b) The cause of action on title insurance policies, guaranteeing title to real estate, shall accrue on the date the loss or damage insured or guaranteed against is sustained.
(c) The cause of action on demand notes shall be commenced within ten (10) years after the cause of action accrued.
Tenn. Code Ann. § 28-3-109 (West, WESTLAW through 2002 Second Reg. Session).

**Open accounts**
Merchants; open accounts
The limitations provided in this chapter do not apply to such actions as concern the trade of merchandise between merchant and merchant, their agents and factors, while the accounts between them are current.
Tenn. Code Ann. § 28-3-111 (West, WESTLAW through 2002 Second Reg. Session).

**Judgments – of record Domestic or foreign**    10 years.
The following actions shall be commenced within ten (10) years after the cause of action accrued:
(1) Actions against guardians, executors, administrators, sheriffs, clerks, and other public officers on their bonds;
(2) Actions on judgments and decrees of courts of record of this or any other state or government; and
(3) All other cases not expressly provided for.
Tenn. Code Ann. § 28-3-110 (West, WESTLAW through 2002 Second Reg. Session).

### Texas
**Contracts**
4 years (contract for sale)
An action for breach of any contract for sale must be commenced within four (4) years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it: Tex. Bus. & Com. Code Ann. § 2.725(a) (West, WESTLAW through End of 2001 Regular Session)

4 years (debt)
A person must bring suit on the following actions not later than four (4) years after the day the cause of action accrues... debt.
Tex. Civ. Prac. & Rem. Code Ann. § 16.004(3) (West, WESTLAW through End of 2001 Regular Session)

© 2009 *ACA International. All Rights Reserved.*

CCA000329

**Judgments – Domestic Of Record**
10 years. If a writ of execution is not issued within 10 years after the rendition of a judgment of a court of record or a justice court, the judgment is dormant and execution may not be issued on the judgment unless it is revived. Tex. Prac. & Rem. Code Ann. § 34.001(a) (West, WESTLAW through End of 2001 Reg. Session).

A dormant judgment may be revived by scire facias [*ed. note:* a legal proceeding instituted by a judicial writ founded upon some matter of record and requiring the party proceeded against to show cause why the record should not be enforced (as by revival of the judgment), annulled, or vacated] or by an action of debt brought not later than the second anniversary of the date that the judgment becomes dormant. Tex. Prac. & Rem. Code Ann. § 31.006 (West, WESTLAW through End of 2001 Reg. Session).

## Utah
**Contracts**
An action may be brought within four years:
    (1) after the last charge is made or the last payment is received;
        (a) upon a contract, obligation, or liability **not founded upon an instrument in writing;**
        (b) on an open store account for any goods, wares, or merchandise; or
        (c) on an open account for work, labor or services rendered, or materials furnished.
H.B. 78, 57th Leg. (Utah 2008), *amending* Utah Code Ann. § 78B-2-307 (West, WESTLAW through 2007 1st Sp. Sess.).

An action may be brought within six years upon any contract, obligation, or liability founded upon an instrument **in writing**, except those mentioned in Section 78B-2-311.
H.B. 78, 57th Leg. (Utah 2008), *amending* Utah Code Ann. § 78B-2-309 (West, WESTLAW through 2007 1st Sp. Sess.).

**Judgments**
An action may be brought within eight years upon a judgment or decree of any court of the United State, or of any state or territory within the United States. H.B. 78, 57th Leg. (Utah 2008), *amending* Utah Code Ann. § 78B-2-311 (West, WESTLAW through 2007 1st Sp. Sess.).

## Vermont
**Contracts**
A civil action, except one brought upon the judgment or decree of a court of record of the United States or of this or some other state, and except as otherwise provided, shall be commenced within six (6) years after the cause of action accrues and not thereafter. Vt. Stat. Ann. tit. 12, § 511 (WESTLAW through end of 1999 Adjourned Session (2001 Regular Session)).

An action brought on a promissory note signed in the presence of an attesting witness shall be commenced within fourteen years after the cause of action accrues, and not after. Vt. Stat. Ann. tit. 12, § 508 (WESTLAW through end of 1999 Adjourned Session (2001 Regular Session)).

**Judgments -**
Actions on judgments and actions for the renewal or revival of judgments shall be brought within eight (8) years after the rendition of the judgment, and not after. Vt. Stat. Ann. tit. 12, § 506 (WESTLAW through end of 1999 Adjourned Session (2001 Regular Session)).

## Virginia
**Contracts**
Actions founded upon a contract, other than actions on a judgment or decree, shall be brought within the following number of years next after the cause of action shall have accrued:

© 2009 *ACA International. All Rights Reserved.*          *Page 28 of 34*

(1)    In actions or upon a recognizance, except recognizance of bail in a civil suit, within ten (10) years; and in actions or motions upon a recognizance of bail in a civil suit, within three (3) years, omitting from the computation of such three years such time as the right to sue out such execution shall have been suspended by injunction, supersedes or other process;

(2)    In actions on any contract which is not otherwise specified and which is in writing and signed by the party to be charged thereby, or by his agent, within five (5) years whether such writing be under seal or not;

(3)    In actions by a partner against another for settlement of the partnership account or in actions upon accounts concerning the trade of merchandise between merchant and merchant, their factors, or servants, within five (5) years from the cessation of the dealings in which they are interested together;

(4)    In actions upon any unwritten contract, express or implied, within three (3) years.

Va. Code Ann. § 8.01-246(4) (West, WESTLAW through End of 2002 Reg. Session).


**Judgments**

No execution shall be issued and no action brought on a judgment, including a judgment in favor of the Commonwealth, after twenty (20) years from the date of such judgment, unless the period is extended as provided in this section. Va. Code Ann. § 8.01-251(A) (West, WESTLAW through End of 2002 Reg. Session).


**District Court Judgments**

For judgments entered in a general district court on or after January 1, 1985, no execution shall be issued or action brought on such judgment, including a judgment in favor of the Commonwealth, after ten (10) years from the date of such judgment except as provided in § 16.1-69.55(B)(4). Va. Code Ann. § 16.1-94.1 (West, WESTLAW through End of 2002 Reg. Session).


**Virgin Islands**

**Contracts**    4 years.

(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

(3) Where an action commenced within the time limited by subsection (1) is so terminated as to leave available a remedy by another action for the same breach such other action may be commenced after the expiration of the time limited and within six months after the termination of the first action unless the termination resulted from voluntary discontinuance or from dismissal for failure or neglect to prosecute.

(4) This section does not alter the law on tolling of the statute of limitations nor does it apply to causes of action which have accrued before this title becomes effective.

11(A) V.I. Code Ann. § 2-725 (WESTLAW through Act 6503 of the 2002 Session).


**Express or Implied Contracts**  6 years.

Civil actions shall only be commenced within the periods prescribed below after the cause of action shall have accrued, except when, in special cases, a different limitation is prescribed by statute:

Six years --

(A) An action upon a contract or liability, express or implied, excepting those mentioned in paragraph (1)(C) of this section.

5 V.I. Code Ann. § 31(3)(A) (WESTLAW through Acts 6644 through 6725 of the 2004 Reg. Sess.).


**Sealed instrument**        20 years.


© 2009 ACA International. All Rights Reserved.                Page 29 of 34

CCA000331

Civil actions shall only be commenced within the periods prescribed below after the cause of action shall have accrued, except when, in special cases, a different limitation is prescribed by statute:
(1) Twenty years--

      (C) An action upon a sealed instrument.

5 V.I. Code Ann. § 31(1)B) (WESTLAW through Act 6503 of the 2002 Session).

### Negotiable Instruments

(a) Except as provided in subsection (e), an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date.

(b) Except as provided in subsection (e), if demand for payment is made to the maker of a note payable on demand, an action to enforce the obligation of a party to pay the note must be commenced within six years after the demand. If no demand for payment is made to the maker, an action to enforce the note is barred if neither principal nor interest on the note has been paid for a continuous period of 10 years.

(c) Except as provided in subsection (d), an action to enforce the obligation of a party to an unaccepted draft to pay the draft must be commenced within three years after dishonor of the draft or 10 years after the date of the draft, whichever period expires first.

(d) An action to enforce the obligation of the acceptor of a certified check or the issuer of a teller's check, cashier's check, or traveler's check must be commenced within three years after demand for payment is made to the acceptor or issuer, as the case may be.

(e) An action to enforce the obligation of a party to a certificate of deposit to pay the instrument must be commenced within six years after demand for payment is made to the maker, but if the instrument states a due date and the maker is not required to pay before that date, the six-year period begins when a demand for payment is in effect and the due date has passed.

(f) An action to enforce the obligation of a party to pay an accepted draft, other than a certified check, must be commenced (i) within six years after the due date or dates Stated in the draft or acceptance if the obligation of the acceptor is payable at a definite time, or (ii) within six years after the date of the acceptance if the obligation of the acceptor is payable on demand.

(g) Unless governed by other law regarding claims for indemnity or contribution, an action (i) for conversion of an instrument, for money had and received, or like action based on conversion, (ii) for breach of warranty, or (iii) to enforce an obligation, duty, or right arising under this Article and not governed by this section must be commenced within three years after the cause of action accrues.

11(A) V.I. Code Ann. § 3-118 (WESTLAW through Act 6503 of the 2002 Session).

### Judgments   20 years.

Civil actions shall only be commenced within the periods prescribed below after the cause of action shall have accrued, except when, in special cases, a different limitation is prescribed by statute:
(1) Twenty (20) years--

      An action upon a judgment or decree of any court of the United States, or of any state,
      Commonwealth, or Territory within the United States.

5 V.I. Code Ann. § 31(1)(B) (WESTLAW through Act 6503 of the 2002 Session).

## Washington
### Contracts

      3 years (oral). Except as provided in RCW 4.16.040(2) (below), an action upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument. Wash. Rev. Code Ann. § 4.16.080(3) (West, WESTLAW through Chap. 3 of 2002 Reg. Session).

      6 years (written)

The following actions shall be commenced within six (6) years:

  (1) An action upon a contract in writing, or liability express or implied arising out of a written agreement.

  (2) An action upon an account receivable incurred in the ordinary course of business. For purposes of this section, an account receivable is any obligation for payment incurred in the ordinary course of

© 2009 ACA International. All Rights Reserved.      

the claimant's business or profession, whether arising from one or more transactions and whether or not earned by performance.

(3) An action for the rents and profits or for the use and occupation of real estate.

(4) This act applies to all causes of action on accounts receivable, whether commenced before or after the effective date of this section.

Wash. Rev. Code Ann. § 4.16.040 (WESTLAW current with 2007 Wash. Legis. Serv. Ch. 124 (H.B. 1145)).

### Judgments - Domestic  10 years

(1) Except as provided in subsections (2) and (3) of this section, after the expiration of ten (10) years from the date of the entry of any judgment heretofore or hereafter rendered in this state, it shall cease to be a lien or charge against the estate or person of the judgment debtor. No suit, action or other proceeding shall ever be had on any judgment rendered in this state by which the lien shall be extended or continued in force for any greater or longer period than ten (10) years.

(2) An underlying judgment or judgment lien entered after the effective date of this act for accrued child support shall continue in force for ten (10) years after the eighteenth birthday of the youngest child named in the order for whom support is ordered. All judgments entered after the effective date of this act shall contain the birth date of the youngest child for whom support is ordered.

(3) A lien based upon an underlying judgment continues in force for an additional ten (10) year period if the period of execution for the underlying judgment is extended under RCW 6.17.020.

Wash. Rev. Code Ann. § 4.56.210(1) (West, WESTLAW through Chap. 3 of 2002 Reg. Session).

## West Virginia

### Contracts

10 years (written, under seal). W. Va. Code § 55-2-6 (West, WESTLAW through 2002 First Ex. Session).

5 years (oral). W. Va. Code § 55-2-6 (WESTLAW through 2002 First Ex. Session).

10 years (written). W. Va. Code § 55-2-6 (WESTLAW through 2002 First Ex. Session).

### Actions to recover on award or contract other than judgment or recognizance

Every action to recover money, which is founded upon an award, or on any contract other than a judgment or recognizance, shall be brought within the following number of years next after the right to bring the same shall have accrued, that is to say: If the case be upon an indemnifying bond taken under any statute, or upon a bond of an executor, administrator or guardian, curator, committee, sheriff or deputy sheriff, clerk or deputy clerk, or any other fiduciary or public officer, within ten (10) years;  if it be upon any other contract in writing under seal, within ten years;  if it be upon an award, or upon a contract in writing, signed by the party to be charged thereby, or by his agent, but not under seal, within ten (10) years;  and if it be upon any other contract, express or implied, within five years, unless it be an action by one party against his copartner for a settlement of the partnership accounts, or upon accounts concerning the trade or merchandise between merchant and merchant, their factors or servants, where the action of account would lie, in either of which cases the action may be brought until the expiration of five (5) years from a cessation of the dealings in which they are interested together, but not after. W Va. Code Ann. § 55-2-6 (West, WESTLAW through 2002 First Ex. Session).

### Judgments -

**Domestic**    10 years. W. Va. Code § 38-3-18 (West, WESTLAW through 2002 First Ex. Session).

### Limitations on enforcement of judgments

On a judgment, execution may be issued within ten years after the date thereof.  Where execution issues within ten years as aforesaid, other executions may be issued on such judgment within ten years from the return day of the last execution issued thereon, on which there is no return by an officer or which has

© 2009 ACA International. All Rights Reserved.

CCA000333

been returned unsatisfied. An action, suit or scire facias may be brought upon a judgment where there has been a change of parties by death or otherwise at any time within ten years next after the date of the judgment; or within ten years from the return day of the last execution issued thereon on which there is no return by an officer or which has been returned unsatisfied. But if such action, suit or scire facias be against the personal representative of a decedent, it shall be brought within five years from the qualification of such representative. W. Va. Code Ann. § 38-3-18 (West, WESTLAW through 2002 First Ex. Session).

### Tolling of Statute/Reviving of Barred Debt

**Acknowledgment by new promise**
If any person against whom the right shall have so accrued on an award, or on any such contract, shall by writing signed by him or his agent promise payment of money on such award or contract, the person to whom the right shall have so accrued may maintain an action or suit for the moneys so promised within such number of years after such promise as it might originally have been maintained within upon the award or contract, and the plaintiff may either sue on such a promise, or on the original cause of action, and in the latter case, in answer to a plea under the sixth section, may, by way of replication, state such promise, and that such action was brought within such number of years thereafter; but no promise, except by writing as aforesaid, shall take any case out of the operation of the said sixth section, or deprive any party of the benefit thereof. An acknowledgment in writing as aforesaid, from which a promise of payment may be implied, shall be deemed to be such promise within the meaning of this section. W. Va. Code Ann. § 55-2-8 (West, WESTLAW through 2002 First Ex. Session).

"The fact that the statute of limitations has run on a debt does not extinguish that debt. [citations omitted] It merely bars recovery thereof. The effect of a new promise to pay, or a written acknowledgment from which a promise to pay may be implied, is to revive the period of limitation of the original obligation, and the new period of limitation begins to run from the date of the subsequent promise or acknowledgment. *State ex rel. Battle v. Demkovich*, 136 S.E.2d 895, 899 (W. Va. 1964).

"The rule in most jurisdictions is that partial payment on a debt may start the statute of limitations running anew where the payment is made voluntarily by a debtor under circumstances that warrant a clear inference that the debtor recognizes the whole debt to be subsisting and demonstrates his willingness or obligation to pay the balance of the debt. [citations omitted]

As a corollary, if a debtor restricts or qualifies his partial payment in some manner which indicates an intention not to pay the balance of the debt, then the statute of limitations will not be tolled. [citations omitted] Finally, the burden of proof rests on the creditor to demonstrate that the statute of limitations has been renewed by partial payment." *Greer Limestone Co. v. Nestor*, 332 S.E.2d 589, 596 (W.Va. 1985).

### Wisconsin
**Contracts**      6 years (**contract, obligation or liability, express or implied**)
Wis. Stat. Ann. § 893.43 (West, WESTLAW through 2001 Act 43, published 2/15/02).

10 years (**personal actions on any contract not limited by this chapter or any other law of this state**)
Wis. Stat. Ann. § 893.50 (West, WESTLAW through 2001 Act 43, published 2/15/02).

### Judgments - Domestic Of Record
20 years Wis. Stat. Ann. § 893.40 (West, WESTLAW through 2001 Act 43, published 2/15/02).

### Not of Record
6 years. Wis. Stat. Ann. § 893.42 (West, WESTLAW through 2001 Act 43, published 2/15/02).

© 2009 *ACA International. All Rights Reserved.*

CCA000334

*Ed. note:* Wisconsin follows the minority rule, holding that expiration of the statute of limitations extinguishes the right as well as the remedy. A recent unpublished case, *Klewer v. Cavalry Investments, LLC*, No. 01-C-541-S, 2002 U.S. Dist. LEXIS 1778 at *6-*8 (W.D. Wis. Jan. 30, 2002), reaffirmed this rule. *Klewer* cites both *First Nat. Bank of Madison v. Kolbeck*, 19 N.W.2d 908, 909 (Wis. 1945) and Wis. Stat. Ann. § 893.05 (West, WESTLAW through 2001 Act 43, published 2/15/02) for this proposition.

The *Klewer* court held that attempting to collect a time-barred debt via collection letter violates the Fair Debt Collection Practices Act § 807(2)(A) (§1692e(2)(A)), finding that when the statute of limitations expired the creditor could no longer claim that the money was owed. 2002 U.S. Dist. LEXIS 1778, at *8. Thus, making such a claim misrepresented the legal status of the debt. *Id.* This interpretation bars debt buyers and collectors from attempting to collect debts upon which the statute of limitations has expired, and most likely bars them from credit reporting such accounts.

Wis. Stat. Ann. § 893.05 states, "When the period within which an action may be commenced on a Wisconsin cause of action has expired, the right is extinguished as well as the remedy." The annotation to the statute notes that it is a codification of Wisconsin case law. Actions in equity are not so barred, however. *Elkhorn Area School Dist. v. East Troy Community School Dist.* 377 N.W.2d 627, 630 (Wis. Ct. App. 1985).

### Wyoming
**Contracts**
8 years (oral)
Wyo. Stat. Ann. § 1-3-105 (WESTLAW through End of 2001 Regular Session).

10 years (written)
Wyo. Stat. Ann. § 1-3-105 (WESTLAW through End of 2001 Regular Session).

**Judgments**
No action shall be brought to revive a judgment after ten (10) years after it becomes dormant, unless the party entitled to bring the action was: (i) a minor or subject to any other legal disability at the time the judgment became dormant, in which case the action may be brought within fifteen (15) years after the disability has ceased; or (ii) A party in a child support proceeding, in which case the action shall be brought within twenty-one (21) years.
Wyo. Stat. Ann. § 1-16-503 (WESTLAW through Wyoming 2004 Budget Session of the 57th Legislature).

---

ACA International, P.O. Box 390106, Minneapolis, MN 55439-0106
Phone +1(952) 926-6547 Fax (952) 926-1624 E-mail compliance@acainternational.org
Web http://www.acainternational.org

© 2009 *ACA International. All Rights Reserved.*
*This information is for the use of ACA International members only. Any distribution, reproduction, copying or sale of this material or the contents hereof without consent is expressly prohibited.*

*This information is not to be construed as legal advice. Legal advice must be tailored to the specific circumstances of each case. Every effort has been made to assure that this information is up-to-date as of the date of publication. It is not intended to be a full and exhaustive explanation of the law in any area. This information is not intended as legal advice and may not be used as legal advice. It should not be used to replace the advice of your own legal counsel.*

© 2009 *ACA International. All Rights Reserved.*

CCA000335

© 2009 *ACA International. All Rights Reserved.*

CCA000336